IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JOANNA CASTRO,
*PLAINTIFF*

V.

Case No. 5:18-CV-312

ALBERT SALINAS,
*DEFENDANT*

**PLAINTIFF'S ORIGINAL COMPLAINT
& JURY DEMAND**

**Introduction**

This civil action arises from Defendant's violations of Plaintiff's civil rights on or about February 20, 2018, in Austin, Texas.  This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, and the United States Constitution.  This is a civil rights action challenging as unconstitutional the above-named Defendant's intentional violation of Plaintiff's First Amendment right to film the police in public, Defendant's retaliation against Plaintiff for exercising her First Amendment rights by filing a false misdemeanor charge against her, and Defendant's excessive force used against Plaintiff.  Plaintiff Castro seeks damages from Defendant, in his individual capacity as he acted under color of law, for depriving Plaintiff of her First, Fourth, and Fourteenth Amendment rights under the United States Constitution.  Plaintiff also seeks declaratory relief pursuant to 28 U.S.C. §2201 that the Defendant violated rights arising under the Constitution.

1

## Jurisdiction and Venue

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, and §1343. Also, the supplemental jurisdiction of this Court to hear claims arising under any possible state law is invoked pursuant to 28 U.S.C. §1367. Venue in this Court is appropriate under 28 U.S.C. §1391(b).

## Plaintiff

2.      Plaintiff Joanna Castro is a resident of Live Oak, Bexar County, Texas.

## Defendant

3.      Defendant Albert Salinas, badge number 341 is a police officer with the Olmos Park Police Department and is sued in his individual capacity. He acted under color of law.

## Statement of Facts

4.      Joanna Castro films other activists that seek to expose police officer misconduct and constitutional violations. She has filmed several police-citizen encounters to gather information about police departments violating citizens' civil rights. Mrs. Castro films to ensure the safety of the activists that interact with officers. She films, but she does not initiate contact with officers. Mrs. Castro keeps her distance from those encounters so that she *can* film. On February 20, 2018, she was in the City of Olmos Park, Bexar County, Texas, to exercise her First Amendment right to gather information about how Olmos Park treats those who exercise their Second Amendment right to lawfully carry firearms. She carried two cameras. She was not armed.

5.      Mrs. Castro filmed Jack Miller, a Second Amendment activist exercising his right to open carry in Olmos Park. She was filming Miller when two Olmos Park Police Department officers approached Miller, pointing rifles at Miller. Miller himself was not holding any weapon in his

hands. He lawfully carried a rifle slung over his chest and back with a sling. His hands were empty.

6. Mrs. Castro was approximately twenty-five feet away from Jack Miller when the Defendant exited his police vehicle, with a rifle in his hands, pointed at Jack Miller. Another Olmos Park officer approached Miller from behind.

7. Defendant shouted at Jack Miller, rifle pointed at Miller. Then, Defendant noticed that Mrs. Castro was filming him. Defendant turned his body away from Jack Miller, and he pointed his rifle at Mrs. Castro. There were approximately six people behind Mrs. Castro when Defendant pointed his rifle in that direction.

8. Immediately, Mrs. Castro backed away from Defendant and backed away from Jack Miller's location. Defendant yelled at Mrs. Castro: "You! Stop that! Put that camera down! Get back! Get back!" Mrs. Castro was backing away from Defendant and Jack Miller the entire time he approached her with his rifle pointed at her, yelling at her to stop filming. Meanwhile, the other Olmos Park officer yelled at Defendant that he should not worry about Mrs. Castro.

9. Defendant closed the distance with Mrs. Castro as she backed away from him. Defendant transferred his rifle from his right hand to his left, and he shoved Mrs. Castro with his right hand, using all his force, his hand landing on her left breast. Mrs. Castro stumbled and almost fell to the ground. Her camera pointed to the ground because of Defendant's use of force. Defendant shoved Mrs. Castro so that her body moved back toward the direction of Jack Miller.

10. Defendant, having failed to knock the cameras out of Mrs. Castro's hands, went after her again. This time, instead of shoving Mrs. Castro, he slapped at her camera, attempting to break the camera, and intentionally prevented Mrs. Castro from focusing her camera on Jack Miller and the

3

other officer.

11.     Defendant turned away from Mrs. Castro without detaining her.  Defendant turned his back on Mrs. Castro and walked to Jack Miller and the other Olmos Park officer.  He did not look up at Mrs. Castro to see where she was or what she was doing.  Mrs. Castro stood approximately the same distance as when Defendant initially approached her and struck her twice, and she then filmed the rest of the Defendant's encounter with Jack Miller.

12.     Jack Miller followed all officers' instructions.  He never touched his lawfully carried rifle.  And he was arrested without incident.

13.     Mrs. Castro's left breast was bruised as a result of Defendant's hard shove.  She learned weeks after that she was charged with the misdemeanor offense of interfering with a police officers, under Texas Penal Code §38.15.  She was not detained or arrested for that offense in February 2018.

## Causes of Action

14.     Plaintiff incorporates by reference all the foregoing paragraphs, and asks that insofar as the following theories of liability include additional factual allegations, those allegations be taken as true, and further alleges as follows:

15.     The acts and failures of Defendant were unreasonable and were the proximate and producing cause of the injuries and damages suffered by Plaintiff.

16.     Defendant intentionally, knowingly, recklessly, or with deliberate indifference to the right of Mrs. Castro caused her to be arrested unreasonably, without an investigation, and without probable cause, violating the Fourth Amendment to the United States Constitution.

17.      Defendant intentionally, knowingly, recklessly, or with deliberate indifference to the rights

of Mrs. Castro used excessive force when he A) pointed his rifle at Mrs. Castro, B) when he shoved her, and C) when he slapped her, violating the Fourth Amendment. The force was not used for a legitimate law enforcement purpose, but was sadistically used to place Mrs. Castro in fear of imminent serious bodily injury.

18. Defendant intentionally, knowingly, recklessly, or with deliberate indifference to the rights Mrs. Castro used excessive force when he used force without prior verbal command, or after she was subdued and compliant, violating the Fourth Amendment.

19. Defendant intentionally, knowingly, recklessly, or with deliberate indifference to the rights of Mrs. Castro, violated her First Amendment right to film the police in public by ordering her to stop filming, shoving her to stop her from filming, slapping her camera, and causing her to be arrested in retaliation for exercising her First Amendment protected right to film. *Turner v. Driver*, 848 F.3d 678 (5th Cir. 2017); *Glik v. Cunniffe*, 655 F.3d 78, 82 (1st Cir. 2011).

20. Defendant intentionally or knowingly committed a common law assault against Mrs. Castro when he placed her in fear of imminent serious bodily injury and/or death when he pointed his rifle at her, when he shoved her with rifle in hand, and when he slapped her camera with rifle in hand. *See Waffle House, Inc. v. Williams*, 313 S.W.3d 796 (Tex. 2010).

## Declaratory Relief

21. Plaintiff realleges the material facts stated in the preceding paragraphs against Defendant. Defendant deprived Plaintiff of her federal constitutional rights to the right to be free from unreasonable searches and seizures and excessive force. Plaintiff asks for a declaration pursuant to 28 U.S.C. §2201 that her First and Fourth Amendment rights arising under the Constitution have

been violated by the actions of the Defendant.

## Damages

22. Plaintiff suffered physical injuries in the form of bruising, physical pain, mental anguish and emotional injuries, humiliation, indignity, and special damages incurred or will incur, including but not limited to legal fees, legal expenses, and other related expenses.

## Punitive Damages

23. Defendant is liable for punitive damages as he was consciously indifferent to Plaintiff's constitutional rights.

## Demand for Jury Trial

24. Plaintiff respectfully requests a jury trial.

## Relief

In light of the foregoing, Plaintiff requests Judgment against Defendant as follows:

1. Compensatory damages from the Defendant, in an amount to be determined by the trier of fact;

2. Punitive damages from the Defendant, in an amount to be determined by the trier of fact;

3. Pre-judgment and post-judgment interest;

4. Reasonable costs, expenses, and attorney's fees pursuant to 42 U.S.C §1988(b), expert fees pursuant to 42 U.S.C. §1988(c);

5. A declaration that Defendant violated Plaintiff's Constitutional rights, pursuant to 28 U.S.C. §2201; and

6. All such other relief to which Plaintiff is entitled.

Respectfully Submitted,
PLAINTIFF

By:
_/s/ Millie L. Thompson_____
Millie L. Thompson
Texas State Bar Number:  24067974
*The Law Office of Millie L. Thompson*
1411 West Ave., Ste. 100
Austin, Texas 78701
Telephone: (512) 293-5800
Fax: (512) 682-8721
Email: millieaustinlaw@gmail.com