IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOANNA CASTRO,<br>*PLAINTIFF* | §<br>§<br>§ | |
| V. | §<br>§ | CIVIL NO. 5:18-CV-00312-DAE |
| ALBERT SALINAS,<br>*DEFENDANT* | §<br>§<br>§ | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE U.S. DISTRICT COURT:

DEFENDANT replies to Plaintiff's Response to Defendant's 12(b)(6) Motion to Dismiss [Dkt. 7] as follows:

**I.
PLAINTIFF CONTINUES TO FAIL TO ALLEGE THE VIOLATION
OF A FOURTH AMENDMENT CONSTITUTIONAL RIGHT**

1.   Plaintiff has failed to provide facts to support a Fourth Amendment violation. To bring a § 1983 excessive force claim under the Fourth Amendment, a plaintiff must first show that she was seized. *Graham v. Connor,* 490 U.S. 386, 388, 109 S. Ct. 1865, 104 L.Ed.2d 443 (1989). Next, the Plaintiff must show that she suffered (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable. *Flores v. City of Palacios*, 381 F. 3d 391, 396 (5th Cir. 2004) citing *Goodson v. City of Corpus Christi,* 202 F.3d 730, 740 (5th Cir. 2000). "We adhere to the view that a person is **"seized"** only when, by means of physical force or a show of authority, his freedom of movement is restrained. As mentioned below, Plaintiff was only ordered to move away from the investigation scene and remained free to leave. Only when such restraint is imposed is there any

foundation whatever for invoking constitutional safeguards." *U.S. v. Mendenhall,* 446 U.S. 544, 553 (1980) (Emphasis added). As the Supreme Court held in *Graham,* "[a] 'seizure' triggering the Fourth Amendment's protections occurs only when government actors have, by means of physical force or show of authority ... in some way restrained the liberty of a citizen." *Palmer v. William,* 717 F. Supp. 1218 (W. D. Tex. June 15, 1989) (remand from *Palmer v. City of San Antonio* 810 F. 2d 514, Feb. 23, 1987) citing *Graham v. Connor,* 109 S. Ct. at 1871 n. 10 (quoting *Terry v. Ohio,* 392 U.S. 1, 19 n. 16, 88 S. Ct. 1868, 18 n. 16, 20 L.Ed. 2d 889 (1968)). Plaintiff has not provided sufficient facts that a "seizure" occurred.

2. Plaintiff cannot show that Officer Salinas' alleged use of "excessive force" amounted to a "seizure" which restrained Plaintiff's liberty by way of physical force or a show of authority in less than a 30 second time span. *Graham* at 490 U.S. 395.

3. Accepting Plaintiff's allegations as true, she does not allege that Officer Salinas detained her or restrained her in any way. In fact, Plaintiff asserts twice in her First Amended Complaint that Defendant did not detain her. Dkt. 4, p. 4 ¶¶ 11, 13. Plaintiff fails to demonstrate that Defendant's acts rise to the level of a seizure because Plaintiff's movement was not occluded. *Ashton v. City of Uniontown,* 459 Fed. Appx. 185, (3rd Cir. (Pa.), Jan. 25, 2012). Plaintiff was only ordered to move away from the investigation scene, remained free to leave, observe and/or video the incident of disarming and arresting of Jack Miller from a safe distance and free to video tape and follow Defendant and fellow police officer Schumacher while they placed Mr. Miller, in the police vehicle for transport.[1] Nothing prevented Plaintiff from leaving the scene or going home that night. The actions of Defendant as alleged by Plaintiff is not the type of force required

---

1 See Exhibit C3, Officer Schumacher's dash camera video attached to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 5-3).

to be present to constitute a "seizure." *Ashton* at 189.[2] "Yet, as noted, before a court can consider whether the forced used was excessive, "a plaintiff must first show that she was seized." *Pena v. Givens*, 637 Fed. Appx. 775 (5th Cir. 2015) citing *Flores* at 396. Qualified immunity thus attaches unless the law is clearly established that the defendant's conduct amounted to a seizure, citing *Flores* at 400.

4.  Plaintiff has not met her initial burden to produce evidence that Defendant conducted a search or seizure. Therefore, Defendant is entitled to qualified immunity and Plaintiff's Fourth Amendment claim must be dismissed.

## II.
## PLAINTIFF CONTINUES TO FAIL TO STATE A CLAIM FOR EXCESSIVE FORCE UPON WHICH RELIEF CAN BE GRANTED

5.  In the Fifth Circuit "[i]t is clearly established law . . . that in order to state a claim for excessive force in violation of the Constitution, a plaintiff must allege (1) an injury, which (2) resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was (3) objectively unreasonable." *United States v. Brugman*, 364 F.3d 613, 616 (5th Cir. 2004), citing *Bazan v. Hidalgo County*, 246 F.3d 481, 487 (5th Cir. 2001).

   **a.   Plaintiff has failed to allege that the excessiveness of the force, which was the cause of her alleged injury, was objectively unreasonable.**

6.  Nowhere in Plaintiff's Response and First Amended Complaint does Plaintiff assert that her alleged de minimus injury was caused by Defendant's use of unreasonable excessive force. In Plaintiff's Response, Plaintiff only asserts that Defendant's actions were unreasonable in: "arresting a person that did nothing more than film the police" (Dkt. 7, p. 4); believing that Plaintiff

---

[2] Comparing *Abraham v. Raso,* 183 F.3d 279, 288 (3d Cir. 1999) (finding the plaintiff was "seized" after being shot); *Gottlieb v. Laurel Highlands Sch. Dist.,* 272 F.3d 168, 172 (3d Cir. 2001) (finding a student was not seized after a public school teacher allegedly pushed the student into a doorknob).

interfered with Defendant (Dkt. 7, p. 11); believing Defendant had probable cause to arrest Plaintiff (Dkt. 7, pp. 10-11); believing that, "ordering a person to put down their camera was lawful, knowing the Fifth Circuit holding in Turner" (Dkt. 7, p. 13); believing that, "knocking a camera out of a filmer's hand was lawful in the Fifth Circuit after Turner was decided" (Dkt. 7, p. 13). Plaintiff's Response is void of the essential element that her alleged injury resulted directly from the use of force which was objectively unreasonable.

7.   Plaintiff only asserts in her First Amended Complaint the conclusory allegation that, "The acts and failures of Defendant were unreasonable and were the proximate and producing cause of the injuries and damages suffered by Plaintiff." Dkt. 4, p. 7 ¶15.  Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993); see also *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002). Therefore, Plaintiff's First, Fourth and Fourteenth Amendment violation claims fail as a matter of law.

### III.
### PLAINTIFF CONTINUES TO FAIL TO ALLEGE THE VIOLATION OF A FOURTEENTH AMENDMENT CONSTITUTIONAL RIGHT

8.   Plaintiff only mentions a violation of her Fourteenth Amendment rights in passing only once in her First Amended Complaint. "Plaintiff Castro seeks damages from Defendant, in his individual capacity as he acted under color of law, for depriving Plaintiff of her First, Fourth, and Fourteenth Amendment rights under the United States Constitution." Dkt. 4, p. 1. Plaintiff's Response is void of any reference to violations of Plaintiff's Fourteenth Amendment rights. Dkt. 7. Therefore, Plaintiff has not provided the grounds for her Fourteenth Amendment cause of action that entitles her to any relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As such, there is no conceivable 14th Amendment excessive force claim.

## IV.
## IN THE ALTERNATIVE, PLAINTIFF CANNOT ESTABLISH A SUBSTANTIVE DUE PROCESS CLAIM UNDER THE FOURTEENTH AMENDMENT

9. Since Plaintiff did not establish that she was "seized" as required for a Fourth Amendment violation, her excessive force claim is then subject to a Fourteenth Amendment substantive due process analysis as applied to the same factual averments *Cnty. of Sacramento v. Lewis,* 523 U.S. 833, 846, 118 S.Ct. 1708, 140 L.Ed. 2d 1043 (1998). To establish a substantive due process claim, a plaintiff must demonstrate: 1) an actor engaged in conduct under color of state law; 2) a deprivation of a protected liberty interest by that conduct; and 3) the deprivation shocks the conscience. *Chainey v. Street,* 523 F.3d 200, 219 (3d Cir. 2008).

   **a.   Plaintiff has not alleged sufficient facts to satisfy the shocks the conscience standard.**

10. Plaintiff's excessive force claim fails because it is well-settled in the Fifth Circuit that in order to state a claim for excessive force, the plaintiff's alleged injury, though not required to be significant, must be more than de minimus." *Martinez v. Nueces County,* 2015 U.S. Dist. LEXIS 470 (S.D. Tex. Jan 5, 2015, no pet.) at p. 9, citing *Williams v. United States,* 2009 U.S. Dist. LEXIS 100154, 2009 WL 3459873, *12 (S.D. Tex. 2009). In addition, the video of February 20, 2018, does not indicate Plaintiff required medical attention or was in need of medical attention.[3] Plaintiff did not file a complaint regarding her alleged injury to the Olmos Park Police Department nor did Plaintiff complain of any de minimus injuries during her arrest on March 27, 2018. Plaintiff contends, in her First Amended Complaint, that any alleged injury she may have had was, "sore and tender for a week and a half." Dkt. 4, p. 5, subsection h. As such, any alleged de minimus injury was not for an extended period of time.

---

3 See Videos: Dkt. 5-2, Exhibit B5; Dkt. 5-3, Exhibit C3.

Defendant's Reply to Plaintiff's Response to Motion to Dismiss                                                                    Page 5

11.  "[I]n a due process challenge to executive action, the threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Pena* at 899, citing *Lewis* at 847. "The officials' actions must be "grossly disproportionate to the need for action under the circumstances and ... inspired by malice rather than merely careless or unwise excess of zeal." *Pena* at 899, citing *Petta v. Rivera* 143 F. 3d 895,902 (5th Cir. 1998) (per curiam). In *Petta*, on behalf of her children, the mother who was involved in a high-speed pursuit sued the Texas Department of Public Safety. The mother asserted that the officer's abusive behavior and use of excessive force during the initial stop of driver's vehicle and ensuing chase caused the children severe emotional harm and thus deprived them of liberty without due process. The *Petta* court dismissed the children's Fourth Amendment claims because they had not met the "seized" requirement. The court further held that under the Fourteenth Amendment the children had no "clearly established" constitutional right under the due process clause to be free from a police officer's use of excessive force where the only injuries allegedly suffered were psychological. *Id.* at 913.

12.  The court in *Gottlieb* held that the burden to satisfy the "shocks the conscience" standard is high. *Ashton* at *4, citing *Gottlieb* at 171-172. In *Gottlieb*, the court further held that a teacher shoving a student into a doorjamb did not rise to the level of conscience shocking behavior despite the student's alleged chronic pains following the incident. *Id.* at 175. Similarly, in *Cummings v. McIntire,* 271 F.3d 341 (1st Cir. 2001), the First Circuit did not find conscience shocking behavior when a police officer, who was directing traffic, pushed the appellant and yelled at him in order to get him out of the way, which resulted in the appellant suffering a stabbing pain and permanent injury. *Cummings,* 271 F.3d at 346–47.

13.  In the instant case, even accepting Plaintiff's allegations as true that she received a bruise

on her left breast from being shoved (Dkt.4, p. 4 ¶13); being slapped or slapped at (Dkt. 7, p. 13); and being rammed (Dkt. 7, p. 13), taking into consideration the totality of the circumstances, Officer Salinas' pushing Plaintiff away from the investigation scene immediately upon arrival while assessing the potential risks within a matter of seconds does not rise to the level of shocking behavior. In conjunction with Plaintiff's alleged de minimus injury, Plaintiff's excessive force claim does not rise to deprivation that shocks the conscience. Therefore, Plaintiff's Fourteenth Amendment claim fails under the substantive due process analysis and should be dismissed. As a result, Defendant retains his qualified immunity.

  **b.**  **Plaintiff's alleged injuries resulting from the incidents of February 20, 2018 and March 27, 2018 are not a deprivation of a protected liberty interest.**

14. "The first inquiry in any 1983 suit ... is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.' .... Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker v. McCollan*, 443 U.S. 137, 138 & 146, 99 S.Ct. 2689, 2692 & 2695, 61 L.Ed.2d 433, 439 (1979). "Remedy for the latter type of injury must be sought in state court under traditional tort-law principles." *Id.* As asserted in Defendant's 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint, Under Texas law, tort claims brought against any governmental employee based on actions within the scope of his or her employment must be dismissed. Plaintiff cannot proceed with an intentional tort claim against the City of Olmos Park, even if substituted under section 101.106, because the City is immune from such an intentional tort claim. Tex. Civ. Prac. & Rem. Code §101.057(2) (excluding waiver of immunity for claims "arising out of assault, battery, false imprisonment, or any other intentional tort"). Dkt. 5, pp. 15-16 ¶¶ 28-29. Therefore, Plaintiff's alleged First, Fourth and Fourteenth Amendment claims should be dismissed. Defendant retains his qualified immunity.

## V.
## PLAINTIFF'S CLAIM THAT DEFENDANT'S 12(B) MOTION TO DISMISS IS IN FACT A MOTION FOR SUMMARY JUDGMENT IS WITHOUT MERIT

15. The standard for a 12(b)(6) Motion to Dismiss allows the Court to grant a defendant's motion to dismiss in absence of sufficient facts alleged in Plaintiff's Complaint under a cognizable legal theory. *Firth v. Guardian Life Ins. Co. of Am.*, 9 F. Supp.2d 734, 737-38 (S.D. Tex. 1998). In this case, Plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Nationwide BiWeekly Admin. Inc. v. Belo Corp.*, 512 F.3d 137, 140 (5th Cir. 2007). In addition, Plaintiff misapplies the finding in *Brand Coupon Network, LLC v. Catalina Mkting Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). Defendant contends that Plaintiff has insufficient facts supporting claims for relief that are not plausible on its face. Although Plaintiff contends that she does not cite any of Defendant's exhibits in her First Amended Complaint, she does refer to their content in her Complaint (Dkt. 4) (ie. Incidents occurring on February 20, 2018, and March 27, 2018) that are central to Plaintiff's claims.[4] The videos and reports attached as exhibits by Defendant in his 12(b)(6) Motion to Dismiss are provided to the Court for its consideration that Plaintiff's facts are insufficient and her claims are not plausible on their face. Dkt. 5.

## VI.
## PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EXHIBITS ARE WITHOUT MERIT

---

4 Plaintiff does not assert that the videos or the reports attached to Defendant's 12(b)(6) Motion to Dismiss are not from the Olmos Park Police Department. In *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F. 3d 285, 288 (5th Cir. 2004) the court considered contracts attached to defendant's motion to dismiss, because the contracts were central to the plaintiffs' claims allowing the court to consider the terms in the contracts in assessing the motions to dismiss.

16. Plaintiff misinterprets FRE 803(6) in her allegation that Defendant's Exhibits B2, B3, B4, C4, C5, C7, and C8 attached to Defendant's Motion to Dismiss are inadmissible hearsay. Dkt. 5. FRE states that [t]he following are <u>not</u> excluded by the rule against hearsay, regardless if the declarant is available as a witness." (Emphasis added). FRE (6) allows for "Records of a Regularly Conducted Activity" supported by the affidavit of a custodian of records under the listed criteria. Exhibits B2, B3, B4, C4, C5, C7, and C8 satisfy the requirements of FRE (6). Plaintiff misapplies FRE 803(8)(A)(ii). First, the instant case is not a criminal proceeding and the referenced exhibits are not being introduced against Plaintiff as the accused in a criminal proceeding. Plaintiff's cited cases do not support her assertion that FRE 803(8)(A)(ii) renders Exhibits B2, B3, B4, C4, C5, C7, and C8 inadmissible. *Broadcast Music, Inc., v. Xanthas, Inc.*, 855 F. 2d 233 (5th Cir. 1988) does not remotely support Plaintiff's contention. *United States v. Cain*, 615 F. 2d 380, 382 (5th Cir. 1980) is a criminal case where the court expressed concern that Rule 803(8) as applied in a criminal case denies the criminal defendant the right to confront the witness making the statement against him/her. Plaintiff's reliance of these cases are without merit. The above referenced exhibits are admissible and may be considered in Defendants 12(b)(6) Motion to Dismiss.[5]

17. Plaintiff's objection to Exhibit D in Defendant's Motion to Dismiss is also without merit. Dkt. 5. The custodian of record affidavit by the City Secretary, Diane Gonzales, of the City of Olmos Park is admissible under FRE 803(6). As per Ms. Gonzales' affidavit, she is certifying that the attached public record is a copy section 24-211 of the City's Code of Ordinances. Upon review of her affidavit, it is clear that Ms. Gonzales is not testifying as to the contents of the ordinance section or providing a legal opinion as to this section of the Ordinance. Exhibit D is

---

5 Plaintiff's contention that Docket 5, Exhibit B2 and B3 are in conflict is a red herring. The Incident Reports B1-B4 are substantiated by B5, and Docket 5-3, Exhibit C3.

clearly admissible and the Court may consider Ms. Gonzales' affidavit in its consideration of Defendant's 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint. Dkt. 5-4.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Salinas prays the Court grant his Motion to Dismiss and dismiss Plaintiff's claims identified above pursuant to FRCP 12(b)(6). Defendant further requests such other and further relief to which he may show himself to be justly entitled, at law and in equity.

SIGNED this 23rd day of July, 2018.

Respectfully submitted,

DENTON NAVARRO ROCHA BERNAL & ZECH
A Professional Corporation
2517 N. Main Avenue
San Antonio, Texas 78212
Telephone:   (210) 227-3243
Facsimile:    (210) 225-4481
patrick.bernal@rampage-sa.com
adolfo.ruiz@rampage-sa.com

BY:    /s/ Adolfo Ruiz
PATRICK C. BERNAL
State Bar No. 02208750
ADOLFO RUIZ
State Bar No. 17385600
COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

       This is to certify that a true and correct copy of the foregoing instrument has been served in accordance with the Texas Rules of Civil Procedure on this 23rd day of July, 2018, to the following:

Millie L. Thompson                              **E-NOTIFICATION**
Law Office of Millie L. Thompson
1411 West Ave., Ste. 100
Austin, Texas  78701

                                               /s/ Adolfo Ruiz
                                               PATRICK C. BERNAL
                                               ADOLFO RUIZ

F:\Castro, J v Salinas TML (45233)\Pleadings\Drafts\Defs Reply to Pltf Response to 12b6 MTD 2018 0723.docx