IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOANNA CASTRO, | § | NO. 5:18-CV-00312-DAE |
| Plaintiff, | § | |
| vs. | § | |
| ALBERT SALINAS, | § | |
| Defendant. | § | |

ORDER DENYING MOTION TO DISMISS

The matter before the Court is Defendant Olmos Park Police Officer Albert Salinas' ("Defendant" or "Salinas") Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6). (Dkt. # 5.) Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing. After careful consideration of the memoranda filed in support of and in opposition to the motion, the Court, for the reasons that follow, **DENIES** the Motion **WITHOUT PREJUDICE**.

BACKGROUND

According to the complaint, on February 20, 2018, Plaintiff sought to film the police in Olmos Park, Texas, while they were in the process of arresting

another individual. (Dkt. # 4 at 2.) Defendant approached Plaintiff Joanna Castro ("Plaintiff" or "Castro") and prevented Plaintiff from filming the police by ordering her to put down her camera and knocking the camera out of her hand. (Dkt. # 1 at 3). While Plaintiff was compliant and obeyed Defendant's orders to "get back," Defendant nonetheless shoved her with such force that he almost knocked her to the ground and he bruised her. (Id. at 4.)

Plaintiff was arrested because of Defendant's report of her interference with a police investigation. (Dkt. # 4 at 4, 6.) The charge was dismissed for insufficient evidence by the Bexar County District Attorney's Office. (Id. at 6.)

On April 6, 2018, Plaintiff filed the instant suit under 42 U.S.C. §§ 1983, 1988 and the First, Fourth, and Fourteenth Amendments to the United States Constitution. (Dkt. # 1.) On June 5, 2018, Defendant filed a Motion to Dismiss and Motion for Reply Under Rule 7(a). (Dkt. # 3.) Plaintiff filed her First Amended Complaint on June 19, 2018. (Dkt. # 4.) The instant Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) followed on July 2, 2018. (Dkt. # 5.) Plaintiff filed her Response on July 15, 2018. (Dkt. # 7.) Defendant filed his Reply on July 23, 2018. (Dkt. # 8.)

LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When analyzing a motion to dismiss for failure to state a claim, the court "accept[s] 'all well pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" United States ex rel. Vavra v. Kellogg Brown & Root, Inc., 727 F.3d 343, 346 (5th Cir. 2013) (quoting In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007)). The court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a Court may take judicial notice." Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011) (quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)).

DISCUSSION

Salinas moves to dismiss Plaintiff's suit, arguing that Plaintiff has failed to state plausible claims under 42 U.S.C. § 1983 for violations of her First, Fourth, or Fourteenth Amendment rights. (Dkt. # 5 at 3.) In doing so, Salinas both makes purely legal arguments, (see Dkt. # 5–12; 13–16), and relies on evidence beyond the complaint that is not incorporated into the complaint by reference. (Dkts. ## 5-1–5-4.) Defendant argues that the Court may consider the exhibits

3

attached to his Motion under Brand Coupon Network, LLC v. Catalina Mktg. Corp., 748 F.3d 631, 635 (5th Cir 2014). The Court disagrees. In Brand Coupon, the Fifth Circuit explained that a district court "may also consider documents attached to either a motion to dismiss or an opposition to that motion when the *documents are referred to in the pleadings and are central to the plaintiff's claims*." Id. (emphasis added). Defendant's Motion includes (1) an affidavit by Mr. Salinas; (2) the Olmos Park Police Department Incident Report and Supplemental Police Reports; (3) an affidavit by the Olmos Park Chief of Police; (4) a warrant log for Plaintiff; (5) a witness statement from the day in question; and (6) an affidavit by the City Secretary for the city of Olmos Park, Texas. (Dkt. # 5 Exhibits.) Here, Plaintiff's complaint does not reference any of the affidavits attached to Defendant's Motion.

Thus, in order to consider any of the facts alleged in the motion, the Court would have to construe the Motion to Dismiss as a Motion for Summary Judgment. See Ham v. Lopez, SA-01-CA-936, 2002 WL 31396066 (Sept. 26, 2002) (ruling on Defendant's Motion to Dismiss which the Court "construe[d] as a motion for summary judgement"). As Plaintiff notes, the discovery deadline has not passed, and she has not yet had the opportunity to depose Salinas. (Dkt. # 7 at 3.) Based on the circumstances of this case, the Court believes that denial of Defendant's Motion to Dismiss is warranted, with no prejudice to refiling as a

Motion for Summary Judgment after discovery has been completed by both parties. Further, this Court's consideration of Defendant's Motion to Dismiss as a Motion for Summary Judgment does not deprive Defendant of his opportunity to have a true Motion to Dismiss considered.

## CONCLUSION

Based on the foregoing, as Salinas' Motion to Dismiss is more properly considered as a motion for summary judgment, the Court **DENIES THE MOTION WITHOUT PREJUDICE** so that discovery can go forward. If, at the close of discovery, Salinas would then like to move for summary judgment, he is free to do so.

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, December 17, 2018.

_____
David Alan Ezra
Senior United States Distict Judge