IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JOANNA CASTRO,** | § | |
| *PLAINTIFF* | § | |
| | § | |
| **V.** | § | **CIVIL NO. 5:18-CV-00312-DAE** |
| | § | |
| **ALBERT SALINAS,** | § | |
| *DEFENDANT* | § | |

## DEFENDANTS' MOTION TO DISMISS ADDED DEFENDANTS IN PLAINTIFF'S SECOND AMENDED COMPLAINT

TO THE HONORABLE U.S. DISTRICT COURT:

DEFENDANTS RENE VALENCIANO ("Valenciano") and the CITY OF OLMOS PARK ("City") file this Motion to Dismiss in response to Plaintiff's Second Amended Complaint as authorized by the Federal Rules of Civil Procedure 12(b)(1) and (6). Defendants respectfully submit the following:

**I.**
**Nature of the Lawsuit/Factual Allegations**

1.     Plaintiff JOANNA CASTRO (hereinafter "Castro" and/or "Plaintiff") filed an Original Complaint **[Dkt. 1]** on April 6, 2018, in which she brings this civil rights action against Defendant Salinas asserting violations of 42 U.S.C. § 1983 and § 1988 and the United States Constitution. Plaintiff alleges that Defendant Salinas intentionally violated her First Amendment right by retaliating against her for filming police officers that caused her to be arrested.    Plaintiff also plead a violation of the Fourth Amendment for Defendant Salinas' use of excessive force. **[Dkt. 4 ¶¶ 17-19].**

2.      On June 5, 2018, Defendant filed its 12(b)(6) Motion to Dismiss or, in the Alternative, Motion for Reply under Rule 7(a) **[Dkt. 3]**. As an alternative to filing a Response, Plaintiff elected to file her First Amended Complaint. **[Dkt. 4]**.

3.      Defendant Salinas filed his 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint on July 2, 2018. **[Dkt. 5]**. The Court denied Defendant's Motion to Dismiss without prejudice on December 17, 2018. **[Dkt. 13]**.

4.      On December 20, 2018, Plaintiff filed her Second Amended Complaint to include Police Chief Rene Valenciano and the City of Olmos Park as additional party defendants. **[Dkt. 17]**. Defendants seek dismissal of Plaintiff's Second Amended Complaint for lack of subject matter jurisdiction (Standing) and failure to state a claim upon which relief can be granted, regarding Valenciano and the City, pursuant to FRCP 12(b)(1) and (6) and assert their qualified, official and sovereign immunity for the claims described below:

## II.
## Arguments and Authorities

**A. Standing under 12(b)(1)**

5.      A 12(b)(1) motion addresses whether plaintiff has a right to be in the district court at all and whether the court has the power to hear and dispose of plaintiff's claim. FED R. CIV. P 12(b)(1). The 12(b)(1) motion addresses whether plaintiff has stated a cognizable claim and it is a challenge to the sufficiency of the complaint. *Holloway v. Pagan River Dockside Seafood, Inc.,* 669 F. 3d 448, 452 (4th Cir. 2012). Lack of subject matter jurisdiction is an affirmative defense that a defendant may assert in a motion to dismiss. Where subject matter jurisdiction is challenged pursuant to FRCP 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Michigan S. R.R. v. Branch & St .Joseph Cty. Rail Users Ass'n,* 287 F. 3d 568, 573 (6th Cir. 2002). Specifically, the plaintiff must show that the complaint alleges a claim under

federal law, and that the claim is "substantial."  *Id.*

**B.      Standard for 12(b)(6) Motion**

6.      If a complaint fails to state a claim upon which relief can be granted, a court is entitled to

dismiss the complaint as a matter of law FED R. CIV. P 12(b)(6).   To survive a Rule 12(b)(6)

motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949

(2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 44, 556 (2007)).   A claim is plausible on its

face "when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly,* 550 U.S.

at 556).   The plausibility standard "asks for more than a sheer possibility that a defendant has

acted unlawfully." *Id.*    Rather, the court must be sure that the complaint alleges sufficient facts to

move the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. When

considering a motion to dismiss under Rule 12(b)(6) the court "accepts all well-pleaded facts as

true, viewing them in the light most favorable to the plaintiff."    *Sonnier v. State Farm Mut. Auto.*

*Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007)(quoting *In re Katerina Canal Breaches Litig.*, 495 F.3d

191, 205 (5th Cir. 2007)).

7.      Dismissal can be based on either a lack of a cognizable legal theory or the absence of

sufficient facts alleged under a cognizable legal theory.    *Frith v. Guardian Life Ins. Co. of Am.,* 9

F. Supp.2d 734, 737-38 (S.D. Tex. 1998).   While a complaint need not contain detailed factual

allegations to survive a 12(b)(6) motion, a plaintiff's "obligation to provide the 'grounds' of his

'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.   Conclusory allegations or

legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to

dismiss. *Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993); see also *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 313 (5th Cir. 2002). As explained herein, Plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Id; Nationwide BiWeekly Admin. Inc. v. Belo Corp.*, 512 F.3d 137, 140 (5th Cir. 2007).

8.      When ruling on a rule 12 (b)(6) motion, courts generally examine only the contents of the pleadings and any attachments thereto.  *Brand Coupon Network, LLC v. Catalina Mkting Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).   However, they may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.*

9.      The Court can determine whether the Plaintiff has alleged the violation of a constitutional right.  *Hale v. Townley*, 45 F.2d 914, 917 (5th Cir. 1995).   The Court is to decide if the conduct was objectively reasonable in light of clearly established law at the time.   *Id.*   In *DeLeon v. City of Dallas,* 141 Fed. Appx. 258, 261 (5th Cir. 2005), the Court outlined the standard applicable to the inquiry:

> In response to a qualified immunity defense, "plaintiffs suing governmental officials in their individual capacities must allege specific conduct giving rise to the constitutional violation. *Anderson v. Pasadena Indep. Sch. Dist.,* 184 F.3d 439, 443 (5th Cir. 1999).  Distinct from the notice pleading standard embodied in Rule 8, the heightened pleading standard applicable in cases defended on qualified immunity grounds requires a plaintiff to plead with factual detail and particularity, not mere conclusory allegations." *Id.; see also Schultea v. Wood,* 47 F.3d 1427, 1430 (5th Cir. 1995).  In the § 1983 context, this standard translates, *inter alia*, into the requirement that the plaintiff "identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged."  *Anderson*, 184 F.3d at 443.

### III.
### Plaintiff Does Not Have Standing to Sue Valenciano and the City for Third Party Claims

10.     Plaintiff cannot assert nor recover damages for constitutional violations to third parties, because constitutional claims are personal and cannot be asserted vicariously.   *Johns v. County of San Diego*, 114 F. 3d 874, (9th Cir. 1997).   As a matter of law, Plaintiff does not have standing to vicariously assert constitutional claim violations against Valenciano and the City on behalf of Jack Miller and unknown and unidentified activists or third parties.   *Id.* at 874; *San Jacinto Sav. & Loan v. Kacal*, 928 F.2d 697, 704 (5th Cir. 1991); *Rakas v. Illinois*, 439 U.S. 128, 133-34 (1978). With regard to the Fourth Amendment, it is well established law that the right to be free from unreasonable searches and seizures is a personal right which cannot be asserted vicariously. *Kacal* at 704.   In *Kacal*, the Fifth Circuit affirmed the dismissal of plaintiff's Fourth Amendment claim because the plaintiff was not personally subjected to a Fourth Amendment violation and therefore, had no standing to assert the rights of third parties who may have been subjected to such searches or seizures.[1]  *Kacal* at 704.   In Plaintiff's Second Amended Complaint, Plaintiff asserts that Valenciano's and the City's alleged "planned" arrests of Jack Miller and other unnamed "activists" in violation of their First, Fourth and Fourteenth Amendment rights. **[Dkt. 17, pg. 2, para 1; ¶¶ 34, 35]**.

11.     Plaintiff has not plead that she was personally subjected to First, Fourth and Fourteenth Amendment constitutional violations.   This is because, Plaintiff's alleged constitutional violations against Valenciano and the City are <u>not</u> personal, but are premised on alleged constitutional violations against Jack Miller and third parties.   **[Dkt. 17; ¶¶ 16, 17, 18, 19, 20, 21, 24, 25, and 26]**.   Paragraph 35 of Plaintiff's Second Amended Complaint summarizes

---

1 Plaintiff alleged that the City's police officers implemented a plan to harass Plaintiff's customers with the specific intent to discourage patronage. *San Jacinto* at 699.

Defendants' standing claim against Plaintiff succinctly:

> *"Defendant Valenciano created an unconstitutional policy of arresting open carry activists in retaliation for their Constitutionally protected activism, and such became policy for the City of Olmos Park, Texas, resulting the above stated Constitutional rights violations against Ms. Castro."*

12.     Plaintiff is merely attempting to boot strap herself to hypothetical and unsubstantiated causes of action of third parties against Valenciano and the City.   Of interest, is that Plaintiff does not clearly identify herself as an "activist". Plaintiff states that she, "films to ensure the safety of the activists that interact with officers."; ". . . films, but she does not initiate contact with officers"; ". . . keeps her distance from those encounters so that she can film;" and "I am a back-up camera person for activists who conduct audits."   **[Dkt. 17, ¶¶ 6, 15a].**   Only by innuendo does she imply that she may be an activist by referring to "other" or "fellow" activists.

13.     Plaintiff has failed to plead cognizable claim that Valenciano or the City violated Plaintiff's personal First, Fourth and Fourteenth Amendment rights.   Therefore, these claims must be dismissed against Defendants Valenciano and the City for lack of standing and a failure to state a claim which relief can be granted.   Further, Valenciano retains his qualified immunity and the City has not waived its immunity.

## IV.
## Plaintiff's Declaratory Judgment Action against Valenciano And the City must be Dismissed

14.     The Declaratory Judgment Act "does not create a substantive cause of action," but "is merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law." *Metropcs Wireless, Inc. v. Virgin Mobile USA, L.P.*, 2009 U.S. Dist. LEXIS 88527 (N.D. Tex. Sept. 25, 2009).   The act provides no independent basis for jurisdiction. *Medtronic Inc. v Mirowski Family Ventures L.L.C.*, 134 S.Ct. 843, 848 (2014).   The

availability of a declaratory judgment depends upon the existence of an underlying judicially remediable right because the declaratory judgment is not itself a cause of action, only a form of relief the court may grant. *Schilling v. Rogers,* 363 U.S. 666, 677 (1960); *Collin Cnty., Tex., v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 171 (5th Cir. 1990). Plaintiff asks the Court to declare that Plaintiff's First and Fourth Amendment rights were violated by Defendants.   However, as noted above, Plaintiff is not asserting and does not have personal First and Fourth Amendment right violations against Valenciano and the City.   Therefore, Plaintiff does not have an underlying judicially remediable right and cannot seek declaratory relief. Accordingly, Defendants seek dismissal of Plaintiff's declaratory judgment action. **[Dkt. 17, ¶ 36]**.

## V.
## In the Alternative, No Clearly Established Right Of a Constitutional Violation by Valenciano

15.     Plaintiff fails to state a cognizable claim against Defendant Valenciano under the First, Fourth and Fourteenth Amendments. "Plaintiffs suing governmental officials in their individual capacities must allege specific conduct giving rise to the constitutional violation." *Anderson* at 443.   Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Id.* (quoting *Malley v. Briggs,* 475 U.S. 335, 341 (1986)).   One example, qualified immunity protects Defendant against the allegation that Defendant caused Plaintiff to be arrested unreasonably.   *Id.* at 344.   As Plaintiff alleges in her Second Amended Complaint, ". . . Valenciano and the City of Olmos Park . . . caused her {Mrs. Castro} to be arrested unreasonably. . . ." **[Dkt. 17 ¶34]**.   As such, no constitutional violation has occurred and Valenciano retains his qualified immunity from suit.   The only other claim Plaintiff asserts against Valenciano is his alleged creation and implementation of planned arrests of open carry activists in violation of their

Constitutional rights. **[Dkt. 17, ¶35].**   As addressed above, the alleged "planned" arrests of third persons is not a cognizable clearly established right that is personal to Plaintiff, and therefore not a constitutional violation(s) and Valenciano retains his qualified immunity.

## VI.
## In the Alternative, Plaintiff Cannot Provide Sufficient Evidence Of a Policy, Practice or Custom

16.     To recover a judgment against a city under Section 1983, a Plaintiff must ***allege*** and establish that he sustained a deprivation of a constitutional or other federally protected rights as a result of some official policy, practice or custom of that governmental entity. *Monell v. Department of Social Services,* 436 U.S. 658, 691-94 (1978).   Plaintiff asserts in her Second Amended Complaint that the unconstitutional City policy was the arrest of open carry activists in retaliation for their constitutionally protected activism, which resulted in the Constitutional violations against Plaintiff.   **[Dkt. 17, ¶ 35]**.

17.     In order for a municipality to be ***liable*** for its policies, practices, or customs, Plaintiff must show "either (1) that a policy *itself* violated federal law or authorized or directed the deprivation of federal rights or (2) that a policy was adopted or maintained by the municipality's policymakers with 'deliberate indifference' as to its known or obvious consequences...a showing of simple or even heightened negligence will not suffice.'"   *Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397 (1997).   In a §1983 suit against a city, the claim must be based upon the implementation or execution of a policy or custom which was <u>officially</u> adopted by the City. *Monell* holds that a governmental entity can be found liable under Section 1983 <u>only</u> if the entity itself causes the constitutional violation at issue.   *Monell,* 436 U.S. at 690-91.   Thus, Plaintiff must allege with **specificity** and **particularity** that her claims are based on the City's official

policy, **not** the policy of an individual official or officer.   *Bennett v. City of Slidell,* 728 F.2d 762, 769 (5th Cir.1984).

18.      Plaintiff did <u>not</u> plead that the implementation or execution of the above-referenced policy was <u>officially</u> adopted by the City.   Plaintiff spuriously alleges throughout her Second Amended Complaint that it was Chief Valenciano that, ". . . created an unconstitutional policy of arresting open carry activists in retaliation for their Constitutionally protected activism. . . ." **[Dkt. 17, ¶35]**. Plaintiff merely makes the conclusory allegation that such alleged mandate somehow became the policy of the City of Olmos Park. **[Dkt. 17, ¶35]**.

19.      Plaintiff must plead specific facts and show that her injury resulted from a permanent and well-settled practice or custom of the City. *Fraire v. City of Arlington,* 957 F 2d 1268, 1278 (5th Cir. 1992).   In *Spiller v. City of Tx. City, Police Dep't,* 130 F.3d 162, 167 (5th Cir. 1997), the arrestee alleged the officer who effected arrest without probable cause "was acting in compliance with the municipality's customs, practices or procedures.   The Fifth Circuit held that an arrestee's conclusory allegations were insufficient to allege municipal liability under § 1983. *Id.* at 164.   In *Reynolds,* this court held, "Only if the plaintiff shows that his injury resulted from a "<u>'permanent and well-settled'</u> "practice may liability attach for injury resulting from a local government custom." *Reynolds v. City of Poteet,* 2013 WL 594731 (W.D. Tex. Feb. 15, 2013) *11 (Emphasis added) citing *City of St. Louis Praprotnik,* 485 U.S. 112, 127 (quoting *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 168, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)).

20.      Plaintiff alleges in her Second Amended Complaint that, "Defendant Olmos Park Chief of Police Rene Valenciano had been planning on arresting anyone associated with the open carry activist Jack Miller **at least a week** before Defendant Salinas encountered Plaintiff Castro."

(Emphasis added). **[Dkt. 17, ¶16].**   Assuming, arguendo, that Plaintiff's false allegation is correct, the span of seven days or less does not constitute a permanent and well-settled practice by the City.

21.     Plaintiff's claim that it was City policy to arrest Plaintiff without probable cause is nothing more than a conclusory allegation.   The brief allegation cited above is only plead once against the City and Valenciano in Plaintiff's Second Amended Complaint.   **[Dkt. 17, ¶ 34].**   Plaintiff does not allege with specificity and particularity her claims against Valenciano and the City. *Anderson* at 443.   Plaintiff's abridged allegation is just an ineffectual attempt to establish deliberate indifference and impose liability on the City and individual liability against Chief Valenciano. **[Dkt. 17, ¶ 34].**   The City and Valenciano are entitled to dismissal of Plaintiff's Fourth Amendment claims of unreasonable arrest without probable cause, because Plaintiff does not allege more than conclusory allegations of a Fourth Amendment violation against Valenciano and the City.   As such, Plaintiff has failed to state a Fourth Amendment violation claim upon which relief can be granted.

## VII.
### In the Alternative, Plaintiff Fails to State a Fourteenth Amendment Violation Claim

22.     Plaintiff's Second Amended Complaint fails to state a cognizable Fourteenth Amendment constitutional claim.   Although Plaintiff seems to interchangeably allege violations of Fourth and Fourteenth Amendment rights, the Supreme Court has held that, "*all* claims that law enforcement officers have used excessive force--deadly or not--in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." *Graham v. Connor,* 490 U.S. 386, 386, (1989) emphasis added; *see also Brown v. Glossip,* 878 F.2d 871, 873 (5th Cir.1989).

23.     To the extent Plaintiff is attempting to bring any substantive due process violation causes of action pursuant to the Fourteenth Amendment for a wrongful arrest, such should also be dismissed as a matter of law.   The Supreme Court has held that substantive due process claims are not applicable with regard to claims for right to be free from arrest or prosecution in the absence of due process, but instead, such claims are judged under the Fourth Amendment.  *Albright v. Oliver,* 510 U.S. 266, 268-275 (U.S. Ill. 1994).

## VIII.
### Conclusion and Prayer

WHEREFORE, PREMISES CONSIDERED, Defendants pray the Court grant their Motion to Dismiss and dismiss Plaintiff's claims against Defendants Valenciano and the City identified above pursuant to FRCP 12(b)(1) and (6).   Defendants further request such other and further relief to which they may show themselves to be justly entitled, at law and in equity.

SIGNED this _15_ day of February, 2019.

Respectfully submitted,

DENTON NAVARRO ROCHA BERNAL & ZECH
A Professional Corporation
2517 N. Main Avenue
San Antonio, Texas 78212
Telephone:     (210) 227-3243
Facsimile:     (210) 225-4481
patrick.bernal@rampage-sa.com
adolfo.ruiz@rampage-sa.com

BY: _____
PATRICK C. BERNAL
State Bar No. 02208750
ADOLFO RUIZ
State Bar No. 17385600
COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served in accordance with the Texas Rules of Civil Procedure on this 15th day of February, 2019, to the following:

Millie L. Thompson                        **E-NOTIFICATION**
Law Office of Millie L. Thompson
1411 West Ave., Ste. 100
Austin, Texas   78701


_____
PATRICK C. BERNAL
ADOLFO RUIZ


ClientFiles\Castro, J v Olmos Park TML (45233)\Pleadings\Drafts\Def 12b MTD Pltf 2nd Amended Complaint 2019 0215.docx