IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOANNA CASTRO,<br>*PLAINTIFF* | §<br>§<br>§ | |
| V. | §<br>§ | CIVIL NO. 5:18-CV-00312-DAE |
| ALBERT SALINAS,<br>*DEFENDANT* | §<br>§<br>§ | |

## PROTECTIVE ORDER

Before the Court is Plaintiff JOANNA CASTRO and Defendants SALINAS, CITY OF OLMOS PARK ("City"), and Chief RENE VALENCIANO ("Valenciano") (collectively, "the Parties") on a Joint Motion for Protective Order ("Protective Order"). Defendants seek to protect and maintain as confidential their answers and responses to Plaintiff's Interrogatories, Requests for Production, video and non-video deposition testimony from disclosure, publication and dissemination on the internet, any social media platform and other broadcast media by Plaintiff and Third Parties. The Court finds there is good cause to grant the relief. Accordingly, it is hereby **ORDERED** that:

1.      Defendants answers and responses to Plaintiff's Interrogatories, Plaintiff's Requests for Production, video and non-video depositions of Defendants Salinas, Valenciano, and other employees of the City ("Deponents")(hereinafter referred to as Confidential Information) **SHALL** be kept confidential and not disseminated, published, broadcasted, posted and copied on the internet and other broadcast media, social media platforms to include but not limited to YouTube; and Plaintiff's and Third Parties internet, cell phone and social media accounts.

2.     "Confidential Information" as used herein means Defendants' answers and responses to Plaintiff's discovery requests, video and non-video deposition transcripts of Deponents.

3.     All Confidential Information produced or exchanged by Defendants in the course of this litigation shall be used by Qualified Persons solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever and shall not be disclosed to any person except in accordance with the terms hereof.

4.     "Qualified Persons" as used herein means:

a.     Attorneys of record for the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

b.     Actual or potential independent technical experts or consultants who have been Designated in writing by notice to all counsel prior to any disclosure of "Confidential Information" to such persons and who have signed a document agreeing to be bound by the terms of this protective order (such signed document to be filed with the Clerk of this Court by the attorney retaining such person);

c.     The party or one party representative (in cases where the party is a legal entity) who shall be designated in writing by the party prior to any disclosure of "Confidential Information" to such person and who shall sign a document agreeing to be bound by the terms of this protective order (such signed document to be filed with the Clerk of this Court by the party designating such person); and

d.     If this Court so elects, any other person may be designated as a Qualified Person by order of this Court after notice and hearing to all parties.

5.     Confidential Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons.

6.     Copies of documents produced under this Protective Order may be made, or exhibits prepared by independent copy services, printers or illustrators for the purpose of this litigation.

7.      Within thirty (30) days after conclusion of this litigation and any appeals thereof, as far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, the Protective Order shall terminate with the exception of any documents or deposition testimony that has been designated as privileged under Texas or Federal law.

8.      Plaintiff designating any person, such as expert witnesses, as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

SIGNED this the _____ day of _____, 2019.


_____
DAVID ALAN EZRA
SENIOR UNITED STATES DISTRICT JUDGE

**AGREED:**

**DENTON NAVARRO ROCHA BERNAL & ZECH**
A Professional Corporation
2517 N. Main Avenue
San Antonio, Texas 78212
Telephone:     (210) 227-3243
Facsimile:      (210) 225-4481
patrick.bernal@rampage-sa.com
adolfo.ruiz@rampage-sa.com

By:   _____
     PATRICK C. BERNAL
     State Bar No. 02208750
     ADOLFO RUIZ
     State Bar No. 17385600
     ATTORNEYS FOR DEFENDANTS


**THE LAW OFFICE OF MILLIE L. THOMPSON**
1411 West Avenue, Ste. 100
Austin, Texas 78701
Telephone:     (512) 293-5800
Facsimile:      (512) 682-8721
millieaustinlaw@gmail.com

By:   _____
     Mille L. Thompson
     State Bar No. 24067974
     COUNSEL FOR PLAINTIFF