## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JOANNA CASTRO,** | § | |
| *PLAINTIFF* | § | |
| | § | |
| **V.** | § | **CIVIL NO. 5:18-CV-00312-DAE** |
| | § | |
| **ALBERT SALINAS,** | § | |
| *DEFENDANT* | § | |

### DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' 12 (b)(6) MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

TO THE HONORABLE U.S. DISTRICT COURT:

DEFENDANTS RENE VALENCIANO ("Valenciano") and the CITY OF OLMOS PARK ("City") (also referred to herein collectively as "Defendants") file this its Reply to Plaintiff's Response in Opposition to Defendants' February 15, 2019, Motion to Dismiss Plaintiff's Second Amended Complaint ("Response") [Dkt. 25] as authorized by the Federal Rules of Civil Procedure 12(b)(1) and (6).   Defendants respectfully submit the following:

### ARGUMENTS AND AUTHORITIES

1.     Plaintiff continues to fail to state a claim against Defendants Valenciano and the City for which relief can be granted, because Plaintiff's Second Amended Complaint does not have sufficient factual matter to assert that a widespread practice of an official policy by Chief Valenciano, as a final policymaker, violated Plaintiff's constitutional rights.

**I.**
**PLAINTIFF'S SECOND AMENDED COMPLAINT PROVIDES**
**NO FACTUAL BASIS FROM WHICH THE COURT MAY INFER THAT**
**ANY POLICY, PRACTICE AND/OR CUSTOM EXISTED**

A. **Plaintiff does not meet the pleading standard requirement under Federal Rules of Civil Procedure 8(a)(2) to survive a dismissal of a *Monell* claim.**

2.      Plaintiff cannot recover a judgment against the city under §1983, because Plaintiff has not alleged or established that she sustained a deprivation of a constitutional or other federally protected right as a result of some official policy, practice or custom which was officially adopted by the City.   *Monell v. Department of Social Services,* 436 U.S. 658, (1978).   One of Plaintiff's conclusory bases of alleged *Monell* liability against the City is: *"The City of Olmos Park adopted Valenciano's anti-filming stance when city officials threatened to have people arrested for filming a city council meeting wherein open carry was addressed."* [Dkt. 25, p. 8, ¶ 8].   Plaintiff is not specific with a date(s) of the alleged occurrence(s); what City officials or employees threatened to arrest what people; if Plaintiff was one of the people threatened; what City Council meeting is Plaintiff referring to; is the referenced "anti-filming stance" the alleged policy or a perceived position of the municipality; what constitutional rights were violated; and how does this dissimilar single incident establish a well settled practice or custom of the City.

3.      Plaintiff must plead specific facts and show that her injury resulted from a permanent and well-settled practice or custom of the City. *Fraire v. City of Arlington,* 957 F 2d 1268, 1278 (5th Cir. 1992).   Assuming, Plaintiff is correct that a heightened pleading standard does not apply to a dismissal of a *Monell* claim, Plaintiff's contention that her above-referenced short and plain statement of her alleged claim under Federal Rule of Civil Procedure 8(a)(2) is all that is required to survive a 12(b) motion to dismiss, is unrealistic and is without merit. Plaintiff's claim, accepted as true, must be plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949

(2009).   However, a claim is considered "plausible" if it contains factual content that allows a court to draw a reasonable inference if a defendant is liable for the alleged misconduct. *Id.* at 678. In this case, one assumption, without the specific pleadings noted above, is that Plaintiff's claim is based solely on the legal conclusion that the City created a policy by the implementation of the Police Chief's alleged position of "anti-filming" by unnamed third parties.   "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678-79.   "[A] complaint [does not] suffice if it tenders naked assertions devoid of further factual enhancement." *Id.*   In the instant case, Plaintiff's contentions are mere unsubstantiated, vague conclusory allegations of a single incident which cannot support Plaintiff's alleged deprivation of an unspecific constitutional right.

**B.  Plaintiff cannot show a persistent widespread practice of an official policy.**

4.       Not only does Plaintiff not sufficiently allege a pattern of similar incidents, Plaintiff cannot show that the alleged occurrence(s) happened for "so long or so frequently" that provides the City with knowledge that the objectionable conduct is the expected, accepted practice of the City's police officers in order to demonstrate a pattern occurring prior to Plaintiff's incident of February 20, 2018.   Plaintiff must demonstrate "a pattern of abuses prior to her confrontation with Officer Salinas that transcends the error made in a single case." *Piotrowski v. City of Houston,* 237 F.3d 567, 582 (5th Cir. 2001); *Barr v. City of San Antonio,* No. SA–06–CA–0261, 2006 WL 2322861, at *4 (W.D. Tex. July 25, 2006) (holding that a pattern was alleged when the City had been named as a defendant in four similar lawsuits); *Rivera v. City of San Antonio,* No. SA–06–CA–235–XR, 2006 WL 3340908, at *12–13 (W.D. Tex. Nov.15, 2006) (finding that a pattern was alleged when hundreds of complaints against the police were filed without any disciplinary action being taken).

Prior to February 20, 2018, Plaintiff cannot demonstrate that there were a pattern of abuses by the City of an alleged policy of "anti-filming stance" against Plaintiff or third parties. Plaintiff does not demonstrate a pattern of "similar" incidents, but a single unrelated isolated incident that took place at an unspecific time by unidentified city officials to unidentified third parties. Plaintiff presents by pleading nothing but conjecture.   In addition, Plaintiff has not plead any facts nor has she alleged that the City's widespread practice a policy was the "moving force" behind the Plaintiff's alleged injuries, which is necessary to support her *Monell* claim against the City. *Monell*, 436 U.S. at 694.

### C. Police Chief Rene Valenciano is not a City of Olmos Park final policy maker.

5.     Another of Plaintiff's flawed contentions which forms the basis of Plaintiff's alleged *Monell* liability against the City is that Valenciano is a final policy maker for the City of Olmos Park.   Unconstitutional policy is attributable to the governing body of a city where the policy was made by an official to whom the governing body gave policymaking authority.   *Flanagan v. City of Dallas*, Texas, 48 F. Supp. 3d 941, 948 (N.D. Tex., Sept 23, 2014) citing *Bennett v. City of Slidell,* 728 F.2d 762, 768 (5th Cir.1984) (*en banc*).   The Fifth Circuit "has long distinguished between final decisionmaking authority and final policymaking authority." *Valle v. City of Hous.,* 613 F.3d 536, 542 (5th Cir.2010). "Municipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 481, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986).   Attached as **Exhibit "A"** is an affidavit of the City Manager of the City of Olmos Park, Celia DeLeon, demonstrating that Police Chief Valenciano is not a final policy maker for the City, but is an appointed City employee who must seek approval of any recommended policy matters for his department through the City Manager and City Council.   Attached to Ms. De Leon's

affidavit is **Exhibit A1,** City Ordinance Sec. 22-1, establishing that the Chief of Police is appointed by and serves as the pleasure of the City Manager subject to the approval of the City Council, the police department is subject to the City's administrative policies in Chapter 2 of the Code of Ordinances, and that appointment of patrolmen are subject to the approval of the City Manager; **Exhibit A2**, City Ordinance Sec. 2-2, establishing the powers and duties of the City Manager and providing in Subsection (e) (2) that the City Manager shall exercise supervision and control over all departments now created or to be created by the City Council unless otherwise provided; **Exhibit A3,** City Ordinance Sec. 2-7, establishing that the City Manager, with the approval of City Council, may change or amend the administrative rules in Chapter 2 in order to promote the interest of the City; and **Exhibit A4**, City of Olmos Park organizational chart displaying Police Chief Valenciano's position under and subordinate to the City Manager and City Council.   It is proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.   *Norris v. Hearst Trust,* 500 F.3d 454, 461 n. 9 (5th Cir. 2007).   Defendant requests that the Court take judicial notice of the City of Olmos Park Ordinances and organizational chart which are public records.

6.     As demonstrated by the affidavit of the City Manager and supporting attachments, Plaintiff's allegation that Police Chief Valenciano is the final policymaker for the Olmos Park Police Department is insufficient to support Plaintiff's allegation of municipal liability.   In a similar case, the City of Olmos Park's Ordinances and the City of Dallas' Charter are analogous in not bestowing policymaking authority on its Police Chief.   In *Moreno v. City of Dallas* 2015 WL 3890467 (N.D. Tex., June 18, 2015) the court held that, "as a matter of law, the Dallas City Charter does not characterize the Chief of Police as the final policy maker for purposes of Section 1983 liability, as his actions are subject to review by the City Manager, who is in turn supervised by the City Council," *Id.* at *5 citing *Mosser v. Haney,* No 3:03-CV-2260-B, 2005 WL 1421440,

*4 (N.D. Tex. June 17, 2005) ("([T]he Chief of Police is not the policymaker for Dallas's police department, as he remains subject to the rules and supervision of the City Manager"). Plaintiff has neglected to provide factual assertions sufficient to create a reasonable inference that the Chief of Police has been delegated certain authority. Due to Plaintiff's absence of clear factual assertions indicating the delegation of authority to Chief Valenciano, Plaintiff's Second Amended Complaint is deficient in asserting that Chief Valenciano is the final policymaker for the City of Olmos Park. In fact, Plaintiff's argument is counterintuitive, because she contends that the City adopted an alleged unconstitutional policy by a Police Chief with no final policy making authority. The only issue presented by Plaintiff is that the Olmos Park Chief of Police Valenciano is a final policy maker, which City Manager De Leon's affidavit with supporting City's Ordinances and case law establishes that he is not. Since Plaintiff cannot identify a City policymaker, the City retains its sovereign immunity from Plaintiffs' claims and therefore, the City should be dismissed from this case.

## II.
## No Constitutional Violation by Valenciano

7. The affidavit of the City Manager, Celia De Leon, with supporting legislative (ordinance) authority demonstrates that Chief Valenciano is not a policymaker nor a final policymaker for the City of Olmos Park. Also, as referenced above, Plaintiff's absence of clear factual assertions indicating the delegation of authority to Chief Valenciano, Plaintiff's Second Amended Complaint is deficient in asserting a final policymaker for the City of Olmos Park. In his individual capacity, Plaintiff still fails to state a cognizable claim against Defendant Valenciano under the First, Fourth and Fourteenth Amendments and Valenciano retains his qualified and/or official immunity from suit. Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Id.* (quoting *Malley v. Briggs,* 475 U.S. 335, 341 (1986)). One example, qualified

immunity protects Defendant against the allegation that Defendant caused Plaintiff to be arrested unreasonably. *Id.* at 344. As Plaintiff alleges in her Second Amended Complaint, ". . . Valenciano and the City of Olmos Park . . . caused her {Mrs. Castro} to be arrested unreasonably. . . ." [Dkt. 17 ¶34]. As plead, no constitutional violation has occurred and Valenciano retains his qualified immunity from suit. The only other claim Plaintiff asserts against Valenciano is Plaintiff's Response is that Valenciano "planned to arrest open carry activists, and then ordered the arrest of Castro pursuant to that plan." [Dkt. 25, pg. 3]. Plaintiff is asserting that Valenciano ordered the arrest of Plaintiff prior to the February 20, 2019 incident. "Since filing the lawsuit, Plaintiff learned that Chief Valenciano had planned to arrest any activist associated with Jack Miller, beginning weeks before Salinas encountered Joanna Castro (stated differently, he planned to arrest them before there were facts upon which one could base a probable cause determination)." [Dkt. 25, pg. 2]. Logically following this alleged plan set in motion by Valenciano, why did Officer Salinas or Officer Schumacher not arrest Plaintiff on the night of February 20, 2019 as directed by Chief Valenciano? As argued above, the FRCP Rule 8 standard demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation, which is what Plaintiff is exactly doing in this conclusory allegation against Valenciano. It is clear that Plaintiff is attempting to plead conclusory allegations against Chief Valenciano in order to include him in the instant lawsuit, even though it is undisputed that Valenciano was not present at the February 20, 2019 incident or at the arrest of Plaintiff on March 27, 2019. Plaintiff has established no connection between the alleged injuries suffered by Plaintiff and the alleged actions against Valenciano. In addition, a suit against Valenciano in his official capacity is the same as a lawsuit against the City and there is no need to maintain Chief Valenciano as an additional party defendant.

**III.**
**Plaintiff's Remaining Arguments in Her Response Are Not Legally Cognizable**

8.     Defendants reassert their arguments made in there 12(b) Motion to Dismiss Plaintiff's

Second Amended Complaint that Plaintiff does not have standing under 12(b)(1) as a matter of

law, because Plaintiff cannot vicariously assert constitutional claim violations against Valenciano

and the City on behalf of Jack Miller and unknown and unidentified activists or third parties.

Defendants also aver that Plaintiff's Declaratory Judgment Action against Valenciano and the City

must also be dismissed.

**IV.**
**Conclusion and Prayer**

WHEREFORE, PREMISES CONSIDERED, Defendants pray the Court grant their

Motion to Dismiss Plaintiff's Second Amended Complaint and dismiss Plaintiff's claims against

Defendants Valenciano and the City identified above pursuant to FRCP 12(b)(1) and (6).

Defendants further request such other and further relief to which they may show themselves to be

justly entitled, at law and in equity.

SIGNED this ____ day of April, 2019.

Respectfully submitted,

DENTON NAVARRO ROCHA BERNAL & ZECH
A Professional Corporation
2517 N. Main Avenue
San Antonio, Texas 78212
Telephone:    (210) 227-3243
Facsimile:    (210) 225-4481
patrick.bernal@rampage-sa.com
adolfo.ruiz@rampage-sa.com

BY: _____
PATRICK C. BERNAL
State Bar No. 02208750
ADOLFO RUIZ
State Bar No. 17385600
COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served in accordance with the Texas Rules of Civil Procedure on this ____ day of April, 2019, to the following:

Millie L. Thompson                    **E-NOTIFICATION**
Law Office of Millie L. Thompson
1411 West Ave., Ste. 100
Austin, Texas   78701

_____
PATRICK C. BERNAL
ADOLFO RUIZ

ClientFiles\Castro, J v Olmos Park TML (45233)\Pleadings\Drafts\Def Reply to Pltf Resp to Defs 12b MTD 2nd Amd Complaint 2019 0403.docx