## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JOANNA CASTRO,** | § | |
| ***PLAINTIFF*** | § | |
| | § | |
| **V.** | § | **CIVIL NO. 5:18-CV-00312-DAE** |
| | § | |
| **ALBERT SALINAS,** | § | |
| ***DEFENDANT*** | § | |

### AFFIDAVIT OF CELIA DE LEON

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF BEXAR | § |

Before me, the undersigned notary, on this day personally appeared Celia De Leon, a person whose identity is known to me. After being by me duly cautioned to tell the truth, subject to the penalties for perjury, she did affirm and testify as follows:

"My name is Celia De Leon. I am over the age of eighteen (18) years, am of sound mind, and am fully capable of making this affidavit. I am personally familiar with facts recited below, which are true and correct.

Currently, I hold the position of City Manager for the City of Olmos Park. I have held the position of City Manager since December 2013.

The Chief of Police for the City of Olmos Park, which Rene Valenciano has held that title since July 17, 2014, is a city employee position that pursuant to the City of Olmos Park Code of Ordinances ("Code") Section 22-1(b) is appointed by the City Manager and who serves at the pleasure of the City Manager subject to the approval of the City Council. In addition, Section 22-1 (b) of the Code provides that appointments of patrolmen and other peace officers within the police department are made by the Chief of Police, but are subject to the approval of the City Manager. Attached to my affidavit as **Exhibit A1** is a copy of Section 22-1 of the Code.

Among my duties as City Manager under Section 2-2 (3) of the Code, I exercise supervision and control over all departments now created or to be created by the City Council, which includes the Chief of Police and the police department. I am not aware of any other sections of the Code that provide otherwise.

Affidavit of Celia DeLeon

**Exhibit**
**A**

Although the police chief is the administrative head of the police department, the police department employees are governed by the City's administrative policies set forth in Chapter 2, Section 22-1 (a),(b) of the Code. Pursuant to Section 2-7 of the Code, in my position as City Manager, with the approval of City Council, I may change or amend the City's administrative rules set forth is Chapter 2 of the Code to the extent I deem necessary in order to effectively and efficiently promote the interest of the City, subject to statutory limitations. Attached hereto to my affidavit respectively as **Exhibits A2 and A3** are copies of Sections 2-2 and 2-7 of the Code.

Police Chief Valenciano is not considered a final policy maker under the Code, because Chief Valenciano and the police department are subject to the control and supervision of the City Manager subject to the approval of City Council. The police chief's position in the City's organizational chart is below the City Manager and City Council. Attached hereto to my affidavit as **Exhibit A4** is a copy of the City's organizational chart.

In my capacity as City Manager, I serve as a Custodian of Records for the City of Olmos Park.  Of those records, attached hereto is a true and correct copy of five (5) pages of documents reflecting:

> **Exhibit A1:** Copy of Section 22-1 of the City of Olmos Park Code of Ordnances. Code.
> **Exhibit A2:**  Copy of Section 2-2 of the City of Olmos Park Code of Ordnances. Code.
> **Exhibit A3:**  Copy of Section 2-7 of the City of Olmos Park Code of Ordnances. Code.
> **Exhibit A4:**  Copy of City of Olmos Park organizational chart.

The attached documents are kept by my department in the regular course of business, and it was in the regular course of business and activity of the City of Olmos Park for an employee of City, with knowledge of the act and contains information transmitted by the person with knowledge of the matters of the event, condition, opinion, recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time of the occurrence of the matters set forth in the documents and was made by the regularly conducted activity as a usual practice for the City.  The records attached are exact duplicates of the originals which are true and correct.

Further Affiant sayeth not.

Celia DeLeon
City Manager
City of Olmos Park, Texas

Affidavit of Celia DeLeon

Page 2 of 2

SUBSCRIBED AND SWORN TO BEFORE ME on this $\underline{3}$ day of April, 2019, to certify which witness my hand and official seal.

DIANE M. GONZALES
MY COMMISSION EXPIRES
August 26, 2019

NOTARY PUBLIC, STATE OF TEXAS

Sec. 22-1. - Police department.

(a)   The city police department shall be operated as a departmental function of the city; its employees shall be governed by the administrative policies set forth in chapter 2 of this Code concerning city employees.

(b)   Police officer positions. The chief of police shall be appointed by and serve at the pleasure of the city manager subject to the approval of the city council. The chief of police shall be the administrative head of the police department. The city council may create additional positions in the police department as it shall deem advisable. Appointments of patrolmen and other peace officer positions within the police department shall be made by the chief of police (or, in the event of a vacancy in the position of chief of police, by the police department executive officer,) subject to the approval of the city manager.

(c)   Powers. The police officers appointed pursuant hereto shall have all powers, rights and authority vested in city marshals, and conferred by state law.

(Code 1985, § 21.100; Ord. No. 2010-11, 9-16-2010)



Exhibit
A1

Sec. 2-2. - City manager.

(a)   *Nomination and confirmation.* The city manager shall be nominated by the mayor and such nomination shall be subject to confirmation by a majority of the council and the mayor shall not vote upon such confirmation. The city manager shall hold office at the will of the city council.

(b)   *Compensation.* The compensation of the city manager shall be by salary, payable monthly or semi-monthly, as shall be fixed from time to time by the city council.

(c)   *Surety bond required.* The city manager shall furnish a surety company bond to be approved by the city council; the premium on said bond to be paid by the city.

(d)   *Absence or disability.* During the absence or disability of the city manager, the city council shall designate some properly qualified person to perform the duties of the office.

(e)   *Powers and duties.* The powers and duties of the city manager shall be:

(1)   To devote all of his working time and attention to the affairs of the city, and be responsible to the council for the efficient administration of the city's affairs.

(2)   To exercise supervision and control over all departments now created or to be created by the city council unless otherwise provided.

(3)   To see that all terms and conditions imposed in favor of the city or its inhabitants in any public utility franchise are faithfully kept and performed and, upon knowledge of any violation thereof, to call the same to the attention of the city council.

(4)   To act as budget officer and as such to prepare and submit to the city council prior to the beginning of each fiscal year a budget of proposed expenditures for the ensuing year, showing in as much detail as practicable the estimated amounts required for the efficient operation of each department of the city government and the reasons for such estimated expenditures.

(5)   The city manager, in addition to subsection (e)(4) of this section, shall make and file a budget as required by state law.

(6)   To make a full written report to the city council at the regularly scheduled city council meeting after the close of each month's accounts, showing the operation and expenditures of each department for the preceding month and a comparison of such monthly expenditures by departments, with the

**Exhibit A2**

allowances made for such departments in the annual budget, and to keep the city council fully advised at all times as to the financial condition and needs of the city.

    (7)   To act as purchasing agent for the city and to purchase all merchandise, material and supplies needed by the city; and to adopt such rules and regulations governing requisitions between himself as purchasing agent and the heads of the departments, officers and employees of the city, as the city council may approve.

    (8)   To recommend to the city council the salaries to be paid each appointive officer and subordinate employee of the city; and it shall be the duty of the city council to pass ordinances or resolutions, from time to time, fixing the rates of compensation.

    (9)   To recommend to the city council in writing, from time to time, for adoption, such measures as he may deem necessary or expedient.

  (10)   To do and perform such other duties as may be prescribed by ordinances and resolutions of the city council.

(f)   *Conflict of duties.* All rules of the city prescribing the duties of heads of departments shall remain in full force and effect except insofar as they conflict with the provisions of this section, in which case the provisions of this section shall govern.

(Code 1985, § 2.200; Ord. No. 525, 6-27-1961)

Case 5:18-cv-00312-DAE   Document 30-1   Filed 04/03/19   Page 7 of 8

Sec. 2-7. - Amendments.

The city manager, with approval of the city council, may change or amend administrative rules within statutory limitations to the extent deemed necessary in order to effectively and efficiently promote the interest of the city.

(Code 1985, § 2.502)



Exhibit
A3

# City of Olmos Park

