IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOANNA CASTRO, *PLAINTIFF* | § § § § § § § | |
| V. | | CIVIL NO. 5:18-CV-00312-DAE |
| ALBERT SALINAS, *DEFENDANT* | | |

**DEFENDANTS' FIRST AMENDED ORIGINAL ANSWER TO
PLAINTIFF'S SECOND AMENDED COMPLAINT**

TO THE HONORABLE U.S. DISTRICT COURT:

COMES NOW Defendants **ALBERT SALINAS ("Salinas"), RENE VALENCIANO ("Valenciano"),** and **THE CITY OF OLMOS PARK ("City")** (collectively referred to herein as "Defendants"), and pursuant to Rule 8 of the Federal Rules of Civil Procedure files this First Amended Original Answer with affirmative defenses to Plaintiff JOANNA CASTRO's Second Amended Original Complaint [Dkt. 17] as follows:

### I.  ANSWER SUBJECT TO MOTION TO DISMISS

1. Defendants reasserting and not waiving its claims of jurisdiction, immunity, and other claims raised and defenses set forth in Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint, now file this Original Answer subject to Defendants' Fed. R. Civ. P. 12(b) (1), (6) motion to dismiss that has been filed in this cause.

### II.  ADMISSIONS AND DENIALS

2. Subject to and without waiving the defenses set forth elsewhere in this Original Answer, Defendants deny each and every allegation contained in Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 8(b), except those expressly admitted herein. Defendants are not

consenting to trial of any matters which may be dismissed by the Court simply by admitting or denying those matters herein.

## Introduction

3. Defendants admit the first sentence in this section, but clarifies that since Plaintiff informed Defendants' counsel she was filing her amended pleading on December 19, 2018, Defendants' counsel had no objection because Plaintiff was filing within the Scheduling Order deadline of December 19, 2018, to amend pleadings.

4. Defendants admit to the second paragraph in this section that Plaintiff is asserting a violation of Plaintiff's civil rights pursuant to 42 U.S.C. §1983, 42 U.S.C. §1988, and the United States Constitution claiming the intentional violation of Plaintiff's First Amendment right to film police in public and retaliation against Plaintiff for exercising said right and Defendants' alleged use of excessive force against Plaintiff, but denies Plaintiff is entitled to the requested relief. Defendants admit that Plaintiff is seeking damages from Defendants for the deprivation of Plaintiff's First, Fourth, and Fourteenth Amendment rights under the United States Constitution, but denies Plaintiff is entitled to damages. Defendants admit Plaintiff is seeking declaratory relief pursuant to 28 U.S.C. §2201, because Defendants allegedly violated Plaintiff's rights arising under the Constitution, but denies that Plaintiff is entitled to the requested relief. Defendants deny all remaining allegations set forth in this second paragraph of this section.

5. Defendants admit to the third paragraph in this section that Plaintiff filed her Original Complaint on April 6, 2018 [Dkt. 1] and that in her Original and First Amended Complaint, Plaintiff only named Salinas as a Defendant in the case [Dkt. Nos. 1 & 4]. Defendants deny all the remaining allegations set forth in this third paragraph of this section.

## Jurisdiction and Venue

6. Defendants deny the allegations in Paragraph 1.

## Plaintiff

7. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 2.

## Defendant

8. Defendants admit that Plaintiff sued an "Albert Salinas" in her Original and First Amended Complaint. Defendants admit that Defendant Salinas' badge number is 341 and he is a police officer with the Olmos Park Police Department. Defendants admit that during the time which is the basis of Plaintiff's lawsuit, Defendant, Salinas was acting under color of law. Defendants admit that Defendant Salinas' counsel filed Motions to Dismiss Plaintiff's Original and First Amended Complaints pursuant to FRCP 12 (b)(6). Defendants deny the remaining allegations set forth in Paragraph 3.

9. Defendants admit that Rene Valenciano is the Chief of the City of Olmos Park Police Department and acted under color of law. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 4.

10. Defendants admit that the City of Olmos Park is a local governmental entity defined by Texas Government Code §554.001 (2) (B). Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 5.

## Statement of Facts

11. Defendants admit that on the night of the incident on February 20, 2018, Plaintiff carried two cameras and was not carrying a gun. Defendants deny Plaintiff did not initiate contact with Defendant Salinas or kept her distance from the area of the arrest. Defendants lack knowledge or

information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 6.

12. Defendants admit that Plaintiff filmed Jack Miller. Defendants deny the remaining allegations set forth in Paragraph 7.

13. Defendants deny all the allegations as set forth in Paragraph 8.

14. Defendants lack knowledge or information sufficient to form a belief about the truth of the number of people allegedly behind Plaintiff. Defendants deny the remaining allegations set forth in Paragraph 9.

15. Defendants deny all the allegations set forth in Paragraph 10.

16. Defendants deny all the allegations set forth in Paragraph 11.

17. Defendants deny all the allegations set forth in Paragraph 12.

18. Defendants admit that Salinas did not detain Plaintiff and Salinas assisted the other officer in the arrest of Mr. Miller. Defendant deny the remaining allegations set forth in Paragraph 13.

19. Defendants deny all the allegations set forth in Paragraph 14.

20. Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's alleged bruise and when she learned of her misdemeanor offense as set forth in Paragraph 15. Defendants admit that Plaintiff was arrested and charged for interfering with a public servant regarding the incident on February 20, 2018, under Texas Penal Code §38.15. Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's alleged dismissal of her misdemeanor offence. Defendants deny the remaining allegations set forth in Plaintiff's recitations identified as "a-t" as set forth in Paragraph 15.

21. Defendants deny all the allegations set forth in Paragraph 16.

22. Defendants deny all the allegations set forth in Paragraph 17.

23. Defendants deny all the allegations set forth in Paragraph 18.

24. Defendants deny the allegations in Paragraph 19. Defendants lack knowledge or information sufficient to form a belief if these occurrences happened before February 16, 2018.

25. Defendant Valenciano admits that Valenciano created a presentation about First and Second Amendment Auditors to present to the Alamo Area Police Chief Association. Defendants deny the remaining allegations in Paragraph 20.

26. Defendants deny all the allegations set forth in Paragraph 21.

27. Defendants deny all the allegations set forth in Paragraph 22.

28. Defendants deny all the allegations set forth in Paragraph 23.

29. Defendants deny all the allegations set forth in Paragraph 24.

30. Defendants deny all the allegations set forth in Paragraph 25.

31. Defendants deny all the allegations set forth in Paragraph 26.

## Causes of Action

32. Defendants deny all the allegations set forth in Paragraph 27.

33. Defendants deny all the allegations set forth in Paragraph 28.

34. Defendants deny all the allegations set forth in Paragraph 29.

35. Defendants deny all the allegations set forth in Paragraph 30.

36. Defendants deny all the allegations set forth in Paragraph 31.

37. Defendants deny all the allegations set forth in Paragraph 32.

38. Defendants deny all the allegations set forth in Paragraph 33.

39. Defendants deny all the allegations set forth in Paragraph 34.

40. Defendants deny all the allegations set forth in Paragraph 35.

### Declaratory Relief

41. Defendants deny all the allegations set forth in Paragraph 36.

### Damages

42. Defendants deny all the allegations set forth in Paragraph 37. Defendants further deny Plaintiff is entitled to the relief requested in Paragraph 37.

### Punitive Damages

43. Defendants deny all the allegations set forth in Paragraph 38. Defendants further deny Plaintiff is entitled to the relief requested in Paragraph 38.

### Demand for Jury Trial

44. Defendants admit that Plaintiff is requesting a jury trial as set forth in Paragraph 39.

### Relief

45. Defendants further deny Plaintiff is entitled to any of the relief requested under this Section and Paragraph to include subsections 1-6.

### III. AFFIRMATIVE AND OTHER DEFENSES

46. The Court lacks subject matter jurisdiction to consider the causes of action set forth in Plaintiff's Second Amended Complaint.

47. Plaintiff lacks standing to bring causes of action against Defendants Valenciano and the City.

48. Plaintiff's Second Amended Complaint fails to state a cause of action against Defendants upon which relief may be granted under 42 U.S.C. §1981, §1983, §1988, and all state law claims.

49. Defendants assert they acted in compliance with, and did not deny Plaintiff any right or privilege granted or secured by, the Constitution and laws of the United States and the State of Texas. The individual Defendants invoke their qualified immunity from Plaintiff's federal claims.

50. Plaintiff fails to state a *Monell* cause of action against Defendant City under 42 U.S.C. §1983 as a matter of law.

51. Defendant City alleges affirmatively that it is a governmental entity, organized and operating under the laws of the State of Texas, with sovereign or governmental immunity from claims asserted by Plaintiff. Defendant City asserts in full its statutory and common law immunities from suit, liability and punitive damages from all of Plaintiff's claims.

52. Defendant City has sovereign immunity under the Texas Tort Claims Act from actions asserted by Plaintiff including negligence claims and Plaintiff's intentional tort claims. Texas Torts Claims Act, §101.057, Tex. Civ. Prac. & Rem. Code.

53. Defendants' actions relevant to this lawsuit did not violate any clearly established statutory or constitutional rights of which a reasonable person would have known. Defendants claim that Salinas and Valenciano are entitled to qualified immunity from Plaintiff's federal claims as their conduct was objectively reasonable to all claims raised by Plaintiff.

54. Defendants assert that Plaintiff cannot establish a deprivation of constitutional or other federally protected rights as a result of some official policy, practice or custom of the City.

55. There is no policy or practice of the City which was the basis of the actions of which Plaintiff complains for which either (1) the policy itself violated Federal or State law or authorized or directed the deprivation of Federal or State rights, or (2) the policy was adopted or maintained by the municipality's policymakers with "deliberate indifference" as to its known or obvious consequences.

56. Defendant City did not adopt a custom and policy that caused Plaintiff a constitutional violation.

57. Defendant Valenciano is not a head policy maker, final policy maker or policy maker for the City.

58. Defendant Valenciano did not adopt, create or enforce a policy that caused Plaintiff a constitutional violation.

59. Defendants assert that they are entitled to defenses pursuant to Fed. R. Civ. P. 8(c), to include assumption of the risk, contributory negligence, estoppel, waiver, statute of limitations, fraud and illegality; and that the occurrences in question and any damages resulting therefrom, were caused in whole or in part by Plaintiff's own negligent, reckless, intentional or willful actions, or other conduct.

60. Defendants assert that any claim premised upon the law of negligence will not support a claim of constitutional dimension under 42 U.S.C. §1983.

61. Defendants assert that they acted without deliberate indifference, callous indifference, recklessness or any other intent, either general or specific, necessary to give rise to Plaintiff's claims.

62. Defendants assert that their actions were lawful and proper, and that any alleged force was not clearly excessive to the existing need, was not objectively unreasonable and was privileged. Defendants further assert that Defendants, Salinas and Valenciano, are entitled to qualified immunity as fully set forth herein.

63. Defendants assert that sovereign immunity bars suits against political subdivisions unless there is a clear and explicit constitutional or statutory waiver of immunity, or legislative consent to sue. As such, to the extent Defendants Salinas and Valenciano are sued as representatives of the City, they enjoy statutory and common law immunities from suit, including but not limited to,

official immunity and the immunities, exclusions, and limits of liability and duty set forth in the Texas Tort Claims Act.

64.     Defendants assert Plaintiff has failed to state a violation of Constitution or laws sufficient to support a claim of excessive force.

65.     Defendants assert that Salinas' and Valenciano's actions relevant to this lawsuit were taken in good faith and within the course and scope of their authority and discretionary capacity. Defendants, therefore, assert that Salinas and Valenciano are entitled to official immunity from Plaintiff's claims.

66.     Defendants assert that Salinas and Valenciano are immune from liability for claims arising out of the performance of their duties under Tex. Civ. Prac. & Rem. Code Ann. §101.055, as a matter of law.

67.     Defendants assert that Salinas and Valenciano plead their entitlement to (i) the election of remedies provisions of TEX. CIV. PRAC. & REM. CODE §§ 101.106(a), 101.106(e) and 101.106(f); and asserts Plaintiff's claims against Defendants Salinas and Valenciano are barred because of Plaintiff's election to sue the City and because of the respective immunities.

68.     Defendants assert that Salinas and Valenciano have official immunity under the Texas Tort Claims Act from actions asserted by Plaintiff including negligence claims and intentional tort claims, pursuant to Texas Torts Claims Act, §101.057, Tex. Civ. Prac. & Rem. Code.

69.     Defendants asserts that they breached no legal duty of any kind owing to the Plaintiff.

70.     Defendants assert official and qualified immunity for responding to an emergency situation; in the performance of discretionary duties; and from liability arising from others' criminal activity or civil disobedience.

71. Defendants assert all applicable affirmative defenses expressly or impliedly contained in the Federal Rules of Civil Procedure.

72. Defendants, affirmatively assert their defenses under the Tex. Civ. Prac. & Rem. Code, Chapter 18, §18.091 and Chapter 41, §41.0105, as a matter of law.

73. The Defendant City asserts that any claim premised upon the doctrine of *respondeat superior* will not support a claim of a constitutional dimension under 42 U.S.C. §1983.

74. Defendants assert the defense of any and all statutory caps on damages, costs and attorneys' fees recoverable found in the Texas Tort Claims Act and any other statute or law. Specifically, Defendant City asserts immunity from punitive damages.

75. Defendants file this Original Answer subject to and without waiving its claims of immunity and other claims raised in any Fed. R. Civ. P. 12(b) motions to dismiss.

76. Defendant further asserts mitigation of damages and right to set off as affirmative defenses.

77. Defendants assert mitigation of damages and right to set off as affirmative defenses.

78. Plaintiff cannot assert nor recover damages for constitutional violations to third parties, because constitutional claims are personal and cannot be asserted vicariously.

79. As a matter of law, Plaintiffs do not have standing to vicariously assert constitutional claim violations against Defendants Salinas, Valenciano and the City on behalf of Jack Miller and unknown and unidentified activists or third parties.

80. Plaintiff has not plead that she was personally subjected to First, Fourth and Fourteenth Amendment constitutional violations.

81. Plaintiff's alleged constitutional violations against Valenciano and the City are not personal, but are premised on alleged constitutional violations against Jack Miller and third parties.

82. The alleged "planned" arrests of third persons is not a cognizable clearly established right that is personal to Plaintiff, and therefore, not a constitutional violation(s) and Valenciano and Salinas retain their qualified immunity.

83. Plaintiff's excessive force claim fails because the plaintiff's alleged injuries, are not more than *de minimis*.

84. In the alternative, Defendants invoke contributory negligence and/or proportionate responsibility and would show unto the court that a proximate cause of the incident made the basis of this lawsuit was the negligent, willful, reckless, and/or otherwise illegal acts of Plaintiff on the date in question and would show that the damages sustained by Plaintiff, if any, were caused by Plaintiff's actions.

85. In the alternative, if the same be required, Defendants assert their actions were not the cause of Plaintiffs' alleged injuries, and that any injuries and resulting damages shown by Plaintiff in this matter were caused by pre-existing conditions and/or parties other than Defendants or by Plaintiff.

## IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants SALINAS, VALENCIANO, and CITY pray Plaintiff takes nothing by this suit, and that upon final hearing hereon, all relief sought by Plaintiff be denied; and that Defendants be given such other and further relief, at law or in equity, general or special, to which Defendants may be justly entitled.

Signed this 31st day of May, 2019.

                          Respectfully submitted,

                          DENTON NAVARRO ROCHA BERNAL & ZECH
                          A Professional Corporation
                          2517 N. Main Avenue
                          San Antonio, Texas 78212
                          Telephone:  (210) 227-3243
                          Facsimile:   (210) 225-4481
                          patrick.bernal@rampage-sa.com
                          adolfo.ruiz@rampage-sa.com

BY: _____
                          PATRICK C. BERNAL
                          State Bar No. 02208750
                          ADOLFO RUIZ
                          State Bar No. 17385600
                          COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served in accordance with the Federal Rules of Civil Procedure on this 31st day of May, 2019, to the following:

| | |
|---|---|
| Millie L. Thompson<br>Law Office of Millie L. Thompson<br>1411 West Ave., Ste. 100<br>Austin, Texas 78701 | **E-NOTIFICATION** |

_____
PATRICK C. BERNAL
ADOLFO RUIZ

F:\Castro, J v Olmos Park TML (45233)\Pleadings\Drafts\Def 1st Amd Original Answer to Pltf 2nd Amended Complaint 2019 0531.docx