IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOANNA CASTRO, | § | NO. 5:18-CV-00312-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| ALBERT SALINAS, RENE | § | |
| VALENCIANO, and THE CITY OF | § | |
| OLMOS PARK, | § | |
| | § | |
| Defendants. | § | |
| _____ | § | |

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (DKT. # 22)

The matter before the Court is Defendants' Rene Valenciano ("Valenciano") and the City of Olmos Park ("the City") (collectively, "Additional Defendants") Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6). (Dkt. # 22.) The additional defendants were added in Plaintiff Joanna Castro's ("Plaintiff" or "Castro") Second Amended Complaint, filed on December 20, 2018. (Dkt. # 17.) Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing. After careful consideration of the memoranda filed in support of and in opposition to the motion, the Court, for the reasons that follow, **GRANTS** Defendants' motion.

BACKGROUND

According to the operative complaint, Plaintiff films police-citizen encounters initiated by activists who seek to expose police officer misconduct and constitutional violations. (Dkt. # 17 at 3.) On February 20, 2018, Plaintiff sought to film the police in Olmos Park, Texas, while they were in the process of arresting Jack Miller ("Miller"), a Second Amendment activist. (Id.) According to the operative complaint, one of the officers involved, Defendant Albert Salinas ("Officer Salinas") pointed his weapon at Plaintiff while she filmed and instructed her to get back and put the camera down. (Id. at 4.) Officer Salinas then approached Plaintiff and prevented Plaintiff from filming the police by shoving her to the ground and then knocking her camera out of her hands. (Id. at 4.) Plaintiff was not detained on that date, but was arrested pursuant to a warrant on March 27, 2018, while filming other open-carry activists. (Id. at 5, 7.) She was charged with misdemeanor interference with a police officer. (Id. at 5.) The charge was dismissed for insufficient evidence by the Bexar County District Attorney's Office. (Id. at 7.)

Plaintiff alleges that, prior to her first encounter with Officer Salinas, Olmos Park Chief of Police Rene Valenciano had a plan to arrest Miller and anyone associated with him. (Id. at 8.) She alleges that the charge against her was orchestrated by Valenciano to shield Salinas from a civil rights lawsuit and to

punish Plaintiff for engaging in lawful activism, and that her arrest and subsequent charge was part of a broader pattern to retaliate against and arrest open carry activists in Olmos Park. (Id. at 9.)

On April 6, 2018, Plaintiff filed the instant suit under 42 U.S.C. §§ 1983, 1988 and the First, Fourth, and Fourteenth Amendments to the United States Constitution. (Dkt. # 1.) Her operative complaint was filed on December 20, 2018, and alleges false arrest and excessive force in violation of the Fourth Amendment against Officer Salinas, a claim under the First Amendment against Officer Salinas, and a claim of assault against Officer Salinas. (Dkt. # 17 at 10–11.) It also alleges claims against Valenciano and the City under the Fourth Amendment and requests declaratory relief. (Id. at 11.) The operative complaint also includes a demand for punitive damages.

On February 15, 2019, Defendants filed a motion to dismiss the operative complaint. (Id.) On March 15, 2019, following a motion for extension of time, Plaintiff filed a timely response in opposition. (Dkt. # 25.) On April 3, 2019, following a motion for extension of time, Defendants filed a reply in support. (Dkt. # 30.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R.

3

Civ. P. 12(b)(6).  When analyzing a motion to dismiss for failure to state a claim, the court "accept[s] 'all well pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  United States ex rel. Vavra v. Kellogg Brown & Root, Inc., 727 F.3d 343, 346 (5th Cir. 2013) (quoting In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007)).  The court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a Court may take judicial notice."  Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011) (quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  However, a court reviewing a complaint "[is] not bound to accept as true a legal conclusion couched as a factual allegation."  Id.

DISCUSSION

I.   Fourth Amendment Standing

Additional Defendants first move to dismiss Plaintiff's claims against them because she cannot assert vicarious constitutional claims on behalf of Jack Miller or any other open carry activists. (Dkt. # 22 at 5.) To the extent that Plaintiff is asserting Fourth Amendment claims on behalf of any third parties, Defendants are correct, and those claims will be dismissed. "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted." Alderman v. United States, 394 U.S. 165, 174 (1969).

However, contrary to Defendants' motion, Plaintiff has pled that she was personally subjected to First and Fourth Amendment violations through Officer Salinas' actions and through Valenciano and the City's policies regarding open carry activists.[1] (Dkt. # 17 at 11.) The Court therefore turns to whether Plaintiff has stated viable claims for relief against Valenciano or the City with regard to any policy of unconstitutional arrests for open carry activists which resulted in her arrest.

---

[1] It should be noted that nowhere in her complaint does Plaintiff identify herself as an open carry activist, and that this omission does make the complaint read as if she is asserting claims on behalf of other, unidentified third parties. However, the Court finds that her unequivocal statement as to her own rights suffices to show that she is alleging some of her claims based on her own constitutional rights. (See Dkt. # 17 at 11.)

II.     Section 1983 Claims Against the City

Section 1983 provides a private cause of action against persons who, under color of state law, deprive a citizen of the United States of "any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983.  Municipalities and other bodies of local government, like the City, are considered "persons" within the meaning of § 1983.  Monell v. N.Y.C. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).

In Monell, the Supreme Court held that "a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." Id. at 659 (emphasis added).  Accordingly, an isolated unconstitutional act committed by a municipal employee will rarely invoke liability.  Sanchez v. Gomez, 283 F. Supp. 3d 524, 533 (W.D. Tex. 2017), appeal dismissed sub nom. Sanchez v. City of El Paso, Texas, No. 17-50953, 2018 WL 1989633 (5th Cir. Feb. 22, 2018).

Moreover, the Supreme Court recognized that "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort."  Monell, 436 U.S. at 691; Sanchez, 283 F. Supp. 3d at 533.  This official municipal policy requirement limits municipal liability to official policies or customs "which the municipality has

officially sanctioned or ordered." Id.  Ultimately, the alleged unconstitutional conduct must be directly attributable to the municipality through some sort of official policy or a widespread custom that, "although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law." City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988).

Following the Fifth Circuit Court of Appeals' interpretation of the Supreme Court's guidance on municipal liability, Plaintiff in this case must establish "three attribution principles" in order to state a viable Section 1983 claim against the City.  Sanchez, 283 F. Supp. 3d at 533.  Specifically, under the Fifth Circuit's municipal liability test, Plaintiff's complaint must identify: "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy or custom."  Id.  See also McGregory v. City of Jackson, 335 F. App'x 446, 448 (5th Cir. 2009) (citing Rivera v. Hous. Indep. Sch. Dist., 349 F.3d 244, 247–49 (5th Cir. 2003)).

Plaintiff has identified Valenciano as the City policymaker.  Further, she asserts generally that the City was aware of an anti-activist policy because it was discussed at city council meetings and unnamed "city officials" attempted to prevent public city council meetings from being filmed.  (Dkt. # 17 at 9.)

7

However, Plaintiff does not cite to any specific instances of this policy being enforced against her.  She asserts that Valenciano had a plan to arrest Jack Miller and anyone associated with him by February 16, 2018, but does not assert that she was associated with Jack Miller.  As stated above, Plaintiff cannot assert Fourth Amendment rights vicariously on behalf of others.  (Dkt. # 17 at 8.)  She has therefore not pled any facts in support of her claims that her rights were violated by the City, as she has not connected identified policy to the actions taken against her.  Plaintiff has thus failed to make a "short and plain statement of the claim" which shows that she is entitled to relief.  Fed. R. Civ. P.  8(a)(2).  Her petition, though it asserts a policy and identifies a City policymaker, lacks facts which link the alleged policy to her alleged constitutional violation.  Thus, Plaintiff has failed to state a claim against the City under § 1983.  Accordingly, Plaintiff's constitutional claims under § 1983 against the City will be dismissed.

   III.   Claims Against Valenciano in His Individual Capacity

The operative complaint explicitly states that Plaintiff is suing Valenciano in his individual capacity.  (Dkt. # 17 at 3.)  Plaintiff asserts that Valenciano created a policy which mandated that arrests of open carry activists were carried out absent probable cause but provides no facts in support of those assertions. (Dkt. # 17 at 9.)  She also alleges that Valenciano was behind the decision to charge her with a crime, but those decisions are made by prosecutors,

8

not by the police.  (Id.)  She relies on caselaw relating to the right to be free of arrest without probable cause in support of her argument.  (Dkt. # 25 at 3.)

The lack of facts related to Valenciano in Plaintiff's pleading is underscored by the factual analysis in Plaintiff's own response, which is focused on Officer Salinas.  (Id. at 4–6.)  Plaintiff simply has not pled any facts which connect Valenciano to the incident, her arrest, or her charges.  Accordingly, the motion will be granted as to Valenciano, and the claims against him will be dismissed, as Plaintiff has failed to plead facts sufficient to state a claim upon which relief can be granted.  See Iqbal, 556 U.S. at 678 ("[T]he pleading standard Rule 8 announces does not require detailed factual allegations but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . .[A] complaint [does not] suffice if it tenders naked assertions devoid of further factual enhancement.") (citing Twombly, 550 U.S. at 544 (internal quotation marks removed)).

IV.   Declaratory Judgment

Under Article III of the United States Constitution, in order for Plaintiff to have standing for declaratory relief, Plaintiff must allege a substantial likelihood that she will suffer future harm based on Defendants' policies.  See Bauer v. Texas, 341 F.3d 352, 358 (5th Cir. 2003) ("In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a

plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future.")  Plaintiff has alleged no such facts.  The closest she comes is stating that she "films other activists" and "has filmed several police-citizen encounters," which implies she has, in the past, engaged in activities that bring her into proximity with law enforcement, but she does not allege any facts sufficient for this Court to ascertain that there is a substantial likelihood that she will suffer the same injury in the future.  See City of Los Angeles v. Lyons, 461 U.S. 95, 101–02 (1983) ("The plaintiff must show that [s]he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical.") (internal quotation marks omitted).  Further, as stated supra, Plaintiff has failed to allege facts sufficient to sustain her claims against Valenciano and the City.  Accordingly, Plaintiff's claims for declaratory relief will be dismissed.

## CONCLUSION

Defendants' motion is **GRANTED** for the aforementioned reasons. (Dkt. # 22.)  Plaintiff's claims against Valenciano in his individual capacity and the City are **DISMISSED WITHOUT PREJUDICE**.  Plaintiff's claims against Officer Salinas remain.

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, June 4, 2019.

_____
David Alan Ezra
Senior United States Distict Judge